735 So.2d 708 (1999)
STATE of Louisiana
v.
Tyronne DAVIS and Frank Trammell.
No. 97-KA-0817.
Court of Appeal of Louisiana, Fourth Circuit.
March 24, 1999.
Rehearing Denied April 14, 1999.
*709 Harry F. Connick, Orleans Parish District Attorney, Richard R. Pickens, II, Fortune A. Dugan, Jr., Assistant District Attorneys, New Orleans, LA, Counsel for Plaintiff/Appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, LA, Counsel for Defendant/Appellant Tyrone Davis.
William P. Barnette, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, Counsel for Defendant/Appellant Frank Trammell.
Court composed of Chief Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES.
PLOTKIN, Judge.
By bill of information dated October 24, 1995, Frank Trammell, Tyronne Davis, and Norman Andrews were charged with attempted purse snatching. All three defendants pleaded not guilty; but, on November 21, 1995, Andrews changed his plea to guilty. On February 14, 1996, Trammell and Davis were tried together and were found guilty as charged by a six-person jury. On February 28, 1996, after the trial court sentenced Davis to seven years at hard labor and Trammell to twenty years at hard labor, the State filed a multiple bill as to both defendants. Davis entered a plea of guilty to the multiple bill, and the trial court set aside the original sentence and resentenced Davis to seven years at hard labor without benefit of probation, parole, or suspension of sentence. Trammell also pleaded guilty to the multiple bill, and the trial court vacated the original sentence and resentenced Trammell to twenty years at hard labor without benefit of probation, parole, or suspension of sentence.
It is from these convictions and sentences that defendants now appeal.

FACTS:
Lisa Hebert testified that she was leaving a Saints' game at the Superdome on October 1, 1995, and that she had her purse over her shoulder. She stated that in the area between the Superdome and the New Orleans Center, she was approached by two men who identified themselves as police officers. She then noticed that her purse, which had been closed when she put it over her shoulder, was open. She also said that the two police officers had three men with them and that these men were handcuffed. She testified that the handcuffed men pleaded with her and apologized to her. She recalled being bumped and nudged as she and her friend *710 walked through the crowd after the Saints' game.
Detectives Landry Jackson and Randy Lewis testified that they were in plain clothes working a paid detail at the Superdome. They stated that they saw Davis and Trammell following people and examining their purses and back pockets. Lewis testified that he saw Andrews unsuccessfully attempt to open one woman's purse. Davis would step in front of the intended victim while Andrews would attempt to open the purse. Lewis further testified that he saw Davis step in front of Ms. Hebert and her boyfriend in order to slow them down as they left the Superdome. He said that he then saw Trammell with a T-shirt over his hand unsnap Ms. Hebert's purse and reach into it. Lewis handcuffed Trammell, while Jackson arrested Davis and Andrews.
Crystal Butler testified that she, her son, and Trammell were standing on a ramp listening to a second line band when the police grabbed Trammell and handcuffed him. She did not know why the police arrested him. Mark Amos testified that he knew Trammell and Ms. Butler and that he saw them watching the band outside the Superdome when the police arrested Trammel and two other men. Ron Williams testified that he knew Ms. Butler and that he saw her and Trammell walking on the ramp outside the Superdome. He further testified that he did not see Trammell attempt to go into anyone's purse.

ERRORS PATENT, ASSIGNMENT OF ERROR NO. 5 (TRAMMELL), ASSIGNMENT OF ERROR NO. 1 (DAVIS) & PRO SE ASSIGNMENT OF ERROR NO. 5 (DAVIS):
A review of the record shows an error patent with regard to each of the defendants' sentences, which also forms the basis of the sole assignment by Davis' counsel. The trial court erred in imposing the sentences without benefit of parole because neither La. R.S. 14:65.1 nor La. R.S. 15:529.1(G) prohibit parole eligibility.[1] Moreover, eligibility for parole is to be determined by the Department of Public Safety and Corrections, not the trial court. La. R.S. 15:574.4; St. Amant v. 19th Judicial Dist. Court, 94-0567 (La.9/3/96), 678 So.2d 536. Therefore, this prohibition is hereby deleted from their sentences. There are no other errors patent.

ASSIGNMENT OF ERROR NO. 1 (TRAMMELL) & PRO SE ASSIGNMENT OF ERROR NO. 1
Both Davis and Trammell contend the trial court erred when it allowed the State to use other crimes evidence, namely the testimony of Detectives Jackson and Lewis that they saw the two men trying to open other purses. A review of the trial transcript shows that no objection was ever made to this testimony. The failure to contemporaneously object to this testimony precludes appellate review of the issue. La.C.Cr.P. art. 841. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2 (TRAMMELL) & PRO SE ASSIGNMENT OF ERROR NO. 2 (DAVIS):
Both Davis and Trammell complain that they received ineffective assistance of counsel based on their respective attorneys' failure to object to the other crimes evidence which was the subject of the first assignment of error. Generally, the issue of ineffective assistance of counsel is a matter more properly raised in an application for post-conviction relief to be filed in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Sparrow, 612 So.2d 191 (La.App. 4 Cir.1992). Only when the record contains the necessary evidence to evaluate the merits of the claim can it be addressed on appeal. State *711 v. Seiss, 428 So.2d 444 (La.1983); State v. Kelly, 92-2446 (La.App. 4 Cir. 7/8/94), 639 So.2d 888, writ denied 94-2087 (La.1/6/95), 648 So.2d 921. In the present case, there is sufficient evidence in the record to evaluate the claim as it relates to the failure of Davis and Trammell's attorneys to object to the other crimes evidence.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced him. With regard to counsel's performance, the defendant must show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. As to prejudice, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, i.e. a trial with a reliable result. Id. Both showings must be made before it can be found that the defendant's conviction resulted from a breakdown in the adversarial process that rendered the trial result unreliable. Id. A claim of ineffective assistance may be disposed of on the finding that either one of the two Strickland criteria has not been met. State v. James, 555 So.2d 519 (La.App. 4 Cir.1989), writ denied 559 So.2d 1374 (La.1990). If the claim fails to establish either prong, the reviewing court need not address the other. Murray v. Maggio, 736 F.2d 279 (5th Cir.1984).
Trammell and Davis argue that their attorneys should have objected to the testimony of the two detectives regarding Trammell and Davis trying to open other purses prior to them opening Ms. Hebert's purse. They assert that this testimony regarding other crimes was not admissible as res gestae under La. C.E. art. 404 and that under La.C.Cr.P. art. 770, they were entitled to an automatic mistrial because the State deliberately elicited this testimony about other crimes from the detectives.
La. C.E. art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it plans to use at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding. (Emphasis added).
Generally, evidence of other crimes is inadmissible at trial because of the likelihood that the trier of fact will convict the defendant of the immediate charge based on his/her prior criminal acts. But, the underlined portion of the provision above is the codification of the principle of res gestae. Moreover, if evidence is admissible under the res gestae exception, it is not subject to any notice requirements. State v. Arvie, 97-990 (La. App. 3 Cir. 2/4/98), 709 So.2d 810, 818; writ denied, 98-2461 (La.1/29/99), 736 So.2d 827. The Louisiana Supreme Court, in State v. Brewington, 601 So.2d 656 (La. 1992) stated,
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Boyd, 359 So.2d 931, 942 (La.1978); State v. Clift, 339 So.2d 755, 760 (La. 1976). In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. McCormick, Law of *712 Evidence 448 (2d ed.1972). The concomitant other crimes do not affect the accused's character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. 1 Wigmore, Evidence Sec. 218 (3d ed.1940). State v. Haarala, 398 So.2d 1093, 1097 (La.1981).
However, even if the event in question is treated as res gestae evidence, the court must still engage in a La. C.E. 403 balancing test to determine if the probative value outweighs any unfair prejudice to the defendant in allowing such evidence to be used. State v. Bordenave, 95-2328 (La.4/26/96), 678 So.2d 19, 20.
In State v. Smith, 94-1502 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, the defendant, who was being tried for possession of cocaine with intent to distribute, was pursued by police officers after they heard a woman screaming. They saw the defendant carrying what appeared to be a purse; and after searching for the defendant for several minutes, they found him on the balcony of an apartment. When one of the officers frisked him, a gun was found in the defendant's waistband; and the defendant was placed under arrest for carrying a concealed weapon. During the search incident to the arrest, the officer found crack cocaine. The officers then took the defendant to the fast food restaurant where the woman who screamed identified the defendant as the man who stole her purse. Defendant argued on appeal that evidence of the purse snatching was inadmissible other crimes evidence which should have resulted in a mistrial and that evidence regarding the gun was irrelevant. In finding no error with regard to the admission of this evidence, this court stated that final phrase in Article 404(B)(1) was a substitute for the term res gestae in former La. R.S. 15:447-448. The court further stated that it was no longer true that whatever formed part of the res gestae was admissible, and, that such evidence was still subject to the balancing test of La. C.E. art. 403. The court concluded that the snatching of the purse and the possession of the gun were an integral part of the act or transaction for which defendant was being tried. The court noted that the events were very close in time and place and that the State could not have logically presented its case against the defendant without showing how and why the police came to arrest him and find the cocaine as a consequence.
There is little difference between the present case and the situation in Smith. The other crimes testified to by Detectives Jackson and Lewis were an integral part of the attempted purse snatching for which Trammell and Davis were being tried. The other attempts to open purses of women leaving the Superdome were very close in time and place to the opening of Ms. Hebert's purse, and these actions were what led the detectives to follow them. The State could not have logically presented its case against the two defendants without this evidence. Because this evidence was part of the res gestae of the charged offense, the attorneys for Trammell and Davis cannot be deemed to have been ineffective for failing to object. These assignments of error are without merit.

PRO SE ASSIGNMENT OF ERROR NO. 3 (DAVIS)[2]:
Davis complains that the trial court erred in failing to inform him of his rights before accepting his guilty plea to the multiple bills filed against him. He argues that the trial court should have advised him of his rights before he stipulated to being a third offender.
La. R.S. 15:529.1(D) provides that the trial court shall inform the defendant *713 of the allegations contained in the multiple bill and of his right to be tried as to the truth thereof before asking the defendant if the allegations are true; and, if a defendant pleads guilty to the multiple bill or acknowledges in court that he has a previous conviction, the court must first duly caution him as to his rights. Implicit in this requirement is that the defendant be advised of his constitutional right to remain silent. State v. Addison, 94-1423 (La.App. 4 Cir. 11/13/96), 684 So.2d 477.
The transcript of Davis' multiple bill hearing shows that at the start of the hearing, Davis' counsel stated that Davis indicated that he wished to stipulate to being a triple offender. The trial judge then had Davis sworn by the court and asked if he understood that he was entitled to a hearing to determine if he was a triple offender and that he was giving up his right to contest that. Davis stated that he understood. The judge then asked Davis about each of his prior convictions and if he was admitting to his being the same individual; and, Davis answered that he was. A dispute arose about which section of court he pled guilty in to a charge of possession of stolen property; but, Davis admitted that it was his signature on the guilty plea form.
Davis's complaint centers on him not being advised of his rights before he made his respective admissions, which were actually made by his attorney at the outset of his multiple bill hearings. However, it is clear that the trial judge did not actually accept Davis's stipulations to the allegations of the multiple bills until he had them sworn and examined him as to whether he understood that he was giving up the right to have the State prove the allegations of the multiple bills filed against him.
It should also be noted that the trial judge did not specifically advise either Trammell or Davis of their right to remain silent; however, neither defendant has formally assigned this particular omission as error. The facts of this case are similar to those in State v. Addison, 94-1423 at p. 8-9, 684 So.2d at 482, where no evidence other than the defendants' admissions to their identity was in the record to prove that they were multiple offenders. But in that case, the defendants specifically complained about not being advised of their right to remain silent. Under La.C.Cr.P. art. 920, only an error designated in the assignments of error or an error patent can be considered on appeal. Thus, defendants have waived their right to have this particular issue considered. Accordingly, this assignment of error are without merit.

PRO SE ASSIGNMENT OF ERROR NO. 4 (DAVIS)
In this assignment of error, Davis complains that the evidence was insufficient to support his conviction. He argues that there was insufficient evidence that he had specific intent to commit an attempted purse snatching or any of the other essential elements of the offense.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Also, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
*714 Purse snatching is defined in La R.S. 14:65.1 as "the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon." Any person who, having the specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended. La. R.S. 14:27(A).
All persons concerned in the commission of a crime, whether present or absent, and whether they directly or indirectly commit the act constituting the offense, aid and abet in its commission, or procure another to commit the crime, are principals. La. R.S. 14:24. Mere presence at the scene is not enough. State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427. An individual may only be convicted as a principal for a crime for which he personally has the requisite mental state. State v. Graves, 96-1537 (La.App. 4th Cir. 9/10/97), 699 So.2d 903.
A review of the record shows that the State proved Davis' guilt of attempted purse snatching beyond a reasonable doubt. He acted as a principal in that he stepped in front of Ms. Hebert and her boyfriend as they were walking on the ramp outside the Superdome in order to impede their forward progress. This gave Trammell the opportunity to open Ms. Hebert's purse. This assignment of error is without merit.
For the foregoing reasons, Davis and Trammell's convictions are affirmed and their sentences are amended to delete the condition that they are to be served without benefit of parole.
CONVICTIONS AFFIRMED; SENTENCES AMENDED.
JONES, J., DISSENTS WITH REASONS.
JONES, J. dissenting with reasons.
I disagree with the majority's conclusion that there was no ineffective assistance of counsel. For this reason I dissent.
The majority concludes that there is little difference between the facts in this case and those found in State v. Smith, 94-1502 (La.app. 4 cir. 1/19/95), 649 So.2d 1078. I disagree. Unlike as in Smith, the other crimes evidence admitted in the case sub judice clearly was intended to demonstrate the bad character of these defendants.
A review of the transcript of the preliminary hearing held on February 6, 1996, indicates that counsel was fully aware of the evidence the State planned to present to the jury in seeking a guilty verdict. Further, considering that counsel for the motions hearing and trial were the same, with a Motion in Limine or a timely "objection", defendants would have had a trial wherein the jury would have to determine whether there actions were "suspicious conduct" or a criminal act. Their attorneys deprived them of the opportunity to make these arguments to the jury.
Finally, the conclusion by the majority that the other crimes evidence, the other attempts to purse snatch by these defendants was re gestae to the crime charged, is without merit. A review of the testimony of the police officers indicates that they could have offered their testimony without having to explain why they were in a position to observe these defendants. Because there was no need to testify before the jury concerning the other crimes, counsel was ineffective in not objecting to the offer of this testimony.
NOTES
[1] The State also concedes in its brief that the trial court erred in imposing the sentence without benefit of parole.
[2] Defendant Trammell had raised this same assignment of error, however, he withdrew it as well as an assignment of error regarding his sentence being excessive.