775 So.2d 484 (2000)
STATE of Louisiana
v.
Questa WALKER.
No. 99-KA-2217.
Court of Appeal of Louisiana, Fourth Circuit.
October 25, 2000.
*486 Hon. Harry F. Connick, District Attorney of Orleans Parish, Leslie P. Tullier, Assistant District Attorney, New Orleans, LA, Counsel For Plaintiff/Appellee.
Paula C. Marx, Louisiana Appellate Project, Lafayette, LA, Counsel For Defendant/Appellant.
(Court composed of Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, Judge MAX N. TOBIAS Jr.)
PLOTKIN, Judge.
Questa L. Walker was convicted of being a felon in possession of a firearm, a violation of La. R.S. 14:95.1 and was sentenced to ten years in prison without benefit of parole, probation or suspension of sentence, plus a suspended $1,000.00 fine. He has appealed his conviction and sentence, asserting three assignments of error. We affirm for the reasons stated below.

STATEMENT OF THE CASE
Questa L. Walker was charged on November 11, 1998, by a dual bill of information: count one for possession with intent to distribute crack cocaine, a violation of La. R.S. 40:967, and count two for being a felon in possession of a firearm, a violation of La. R.S. 14:95.1. He was arraigned on both counts on November 16, 1998, and pled not guilty. On February 23, 1999, the State severed the counts and proceeded to trial on count one. The jury found the defendant guilty of the lesser-included offense of attempted possession with intent to distribute crack cocaine. The trial on count two commenced on May 17, 1999, and on that same date the jury returned a verdict of guilty as charged. The court sentenced the defendant to ten years, without benefit of parole, probation or suspension of sentence, with credit for time served, plus a fine of $1,000.00, suspended. The sentence in count two was to be served consecutively to the sentence in count one. On May 18, 1999, the State filed a multiple bill, and the court adjudged the defendant a second felony offender. On June 1, 1999, he was sentenced pursuant to La. R.S. 15:529.1 on count one to fourteen years, without benefit of parole, probation or suspension of sentence, with credit for time served. This appeal as to count two follows.

STATEMENT OF FACT
On September 23, 1998, at approximately 11:00 p.m., Officers Paul Noel and Ronald Stevens were on routine patrol in a marked police vehicle in the 7100 block of Pritchard Place. The officers noticed the defendant riding a girl's bicycle ahead of them in a downtown direction toward Audubon Street. The defendant made a right turn into a secluded alleyway, which the officers recognized from previous complaints as a dumping area for stolen vehicles and the location of narcotics activity. Unbeknownst to the defendant, the officers turned their car into the alleyway. They illuminated the area with their lights and saw the defendant open the trunk of a *487 Ford Tempo car and, with his right hand, remove a pistol from his waistband. The officer's presence surprised the defendant. He threw the gun into the trunk, and fled on foot toward Audubon Street. Officer Noel chased the defendant while Officer Stevens secured the gun. The defendant jumped the fence in the backyard of 2825 Audubon Street where he was apprehended by Officer Noel. The officer arrested the defendant, and a search of his pockets yielded $75.00 and the trunk key to the Ford Tempo. Next to the loaded gun in the trunk, in plain view, the officers found six to eight grams of crack cocaine.
Officer Glen Burmaster, an expert in the analysis and identification of fingerprints, testified that he fingerprinted the defendant prior to trial. Through Officer Burmaster's testimony comparing the defendant's fingerprints taken the day of trial with fingerprints found on certified documents relative to an earlier conviction, the State established that the defendant had a prior conviction for distribution of a controlled dangerous substance.
Kathleen Offray, the defendant's aunt, testified that she lived near the corner of Audubon Street and Pritchard Place. The person she saw abandon the bike and run was wearing dark clothing. Her nephew, on the other hand, was wearing a red T-shirt when the officers arrested him. After the officers placed her nephew in the police car, they returned to the alley. Of-fray testified that the police had to pry open the trunk of the car because it was closed and locked.
Questa Walker testified that on the night he was arrested he was walking on Pritchard Place on the way to his grandmother's house on Audubon Street. He stopped to talk to two female friends and drink a beer with a man who lived in the 7100 block of Pritchard Place. While he was at that location, a man dressed in dark clothing and black boots ran by him and told him to hide because police were in the neighborhood. The man ran toward Audubon Street. The police arrived and found the defendant in the alleyway. They brought him around the corner and demanded that he identify the person who ran away from them. They also asked him whom the car in the alleyway belonged to. When the defendant told the police he did not know what they were talking about, they became angry with him. There were several witnesses to the incident who tried to tell the police they had the wrong man. While the defendant sat in the police car, the officers pried open the trunk of the car in the alleyway and found a gun and cocaine, which he denied any knowledge of. Walker testified that the police discovered that he was on parole, so they arrested him and searched his pockets. He had $275 in his pockets but the police stole $200 and reported that he had only $75.00.

ERRORS PATENT
A review for errors patent on the face of the record reveals none.

ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant complains that the court impermissibly allowed the State to introduce evidence of other crimes.
The record indicates that defense counsel failed to object to the introduction of other crimes evidence at trial. A defendant cannot avail himself of an alleged error unless he made a contemporaneous objection at the time of the error. La. C.Cr.P. art. 841(A); State v. Seals, 95-0305, p. 5 (La.11/25/96), 684 So.2d 368, 373, cert. denied, Seals v. Louisiana, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997); State v. Brooks, 98-0693, p. 9 (La. App. 4 Cir. 7/21/99), 758 So.2d 814, 819, writ denied, 99-2519 (La.2/25/00), 755 So.2d 247. Not only does an objection have to be made, but La.C.Cr.P. art. 841(A) requires that a defendant make known the grounds for the objection; the defendant is limited on appeal to those grounds articulated at trial. Brooks, at p. 9, 758 So.2d at 819; State v. Buffington, 97-2423, (La.App. 4 Cir. 2/17/99), 731 So.2d 340, 346. Thus, because the defendant *488 failed to contemporaneously object at trial the issue is not before the court. This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 2
By his second assignment, the defendant urges that if the court concludes his assignment as to the introduction of other crimes evidence is procedurally barred because defense counsel failed to lodge a contemporaneous objection at trial, then the omission constitutes ineffective assistance of counsel.
The defendant objects to the State's eliciting testimony concerning his conviction with regard to the crack cocaine found next to the handgun that was recovered from the trunk of the car. He complains that the State did not have to present any evidence as to anything else found in the trunk in order to substantiate its case against him on the charge of being a felon in possession of a firearm. Moreover, he points out that the State gave no notice that it intended to introduce such evidence.
Generally, the issue of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Smith, 97-2221, (La.App. 4 Cir. 4/7/99), 734 So.2d 826, 834, writ denied,99-1128 (La.10/1/99), 747 So.2d 1138. Only if the record discloses sufficient evidence to rule on the merits of the claim does the interest of judicial economy justify consideration of the issues on appeal. Id. Here, however, the record is sufficient to address defendant's claims, which are essentially evidentiary.
The defendant's claim of ineffective assistance of counsel is assessed by the two-part test announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that this deficiency prejudiced him. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992). Counsel's performance is not ineffective unless it can be shown that he or she made errors so serious that he or she was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment of the federal constitution. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. That is, counsel's deficient performance will only be considered to have prejudiced the defendant if the defendant shows that the errors were so serious that she or he was deprived of a fair trial. To carry the burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693, 104 S.Ct. at 2068.
Generally, evidence of other crimes is inadmissible at trial because of the danger that the trier of fact will convict the defendant of the offense for which he is being tried based on his prior criminal or bad acts. State v. Davis, 97-0817, p. 6 (La.App. 4 Cir. 3/24/99), 735 So.2d 708, 711, writ denied, 99-1422 (La.11/12/99), 749 So.2d 651.
La. C.E. art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it plans to use at trial for such purposes, or when it relates to conduct that constitutes an integral part of the *489 act or transaction that is the subject of the present proceeding.
The last sentence of La. C.E. art. 404(B)(1) is the codification of the principle of "res gestae." See id. If evidence is admissible under the res gestae exception, it is not subject to any notice requirements. See id. The Louisiana Supreme Court commented on the res gestae exception in State v. Brewington, 601 So.2d 656 (La.1992), stating:
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. State v. Boyd, 359 So.2d 931, 942 (La.1978); State v. Clift, 339 So.2d 755, 760 (La. 1976). In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. McCormick, Law of Evidence 448 (2d ed.1972). The concomitant other crimes do not affect the accused's character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised. 1 Wigmore, Evidence § 218 (3d ed.1940). State v. Haarala, 398 So.2d 1093, 1097 (La.1981).
Id. at 657.
The res gestae doctrine includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed before, during or after the commission of the crime, provided a continuous chain of events is evident under the circumstances. State v. Parker, 536 So.2d 459, 461-462 (La.App. 1 Cir.1988), writ denied, 584 So.2d 670 (La. 1991). In this case, Officers Noel's and Steven's narrative testimony established that all of the events leading up to the defendant's arrest  seeing the gun, chasing the defendant, discovering the cocaine occurred within a short period of time. They testified that they noticed the defendant remove a gun from his pants and throw it into the trunk of the car. Officer Stevens' said that as he peered into the open trunk to secure the gun, he saw the cocaine next to the gun.
As for the defendant's assertion that he had no notice the State intended to introduce the cocaine evidence, the record reveals otherwise. Defense counsel was the same for both counts of the bill of information. Before trial on count two, counsel filed a motion to quash the bill of information, which the court denied, arguing that the principle of double jeopardy precluded prosecuting the defendant on the handgun charge because it derived from the same facts and circumstances as the cocaine charge. Hence, counsel was aware the State intended to employ the same facts to prove its case on count two as it had used in count one.
Counsel may have believed that the cocaine evidence was so closely related to the State's case as to the charge of felon in possession of a firearm that the trial court would have overruled any objection to such evidence and admitted it pursuant to the res gestae exception. Counsel could have made a strategic decision not to object to the evidence if only to avoid emphasizing it to the jury. "This court has previously recognized that if an alleged error falls `within the ambit of trial strategy' it does not `establish ineffective assistance of counsel.'" State v. Bordes, 98-0086, p. 8 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147 (quoting State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986)). "[A]s `opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an *490 attorney's level of representation be determined by whether a particular strategy is successful.'" Id. (quoting State v. Brooks, 505 So.2d 714, 724 (La.), cert. denied, Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987)).
This assignment is without merit.

ASSIGNMENT OF ERROR NUMBER 3
In a third assignment, the defendant argues that the trial court failed to particularize his sentence, and, in failing to do so, imposed an excessive sentence. More particularly, he complains that his sentences should have been concurrent, rather than consecutive, and that the court failed to consider the mitigating facts of his employment history and the fact he has a child to support.
Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Telsee, 425 So.2d 1251, 1253 (La.1983). A reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances. State v. Soco, 441 So.2d 719, 720 (La.1983); State v. Anderson, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, 20. If adequate compliance with Article 894.1 is found, the reviewing court must then determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense charged. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1982). The trial judge has wide discretion in sentencing, and a sentence should not be set aside absent the manifest abuse of that discretion. State v. Sweeney, 443 So.2d 522, 531 (La.1983).
La.C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Coates, 27,287 (La.App.2d Cir.9/27/95), 661 So.2d 571, 584, writ denied, 95-2613 (La.2/28/96), 668 So.2d 365. Concurrent sentences arising out a single cause of conduct are not mandatory, State v. Pickett, 628 So.2d 1333, 1337 (La.App. 2d Cir. 1993), writ denied, 94-0348 (La.5/20/94), 637 So.2d 476, and consecutive sentences under those circumstances are not necessarily excessive. State v. Williams, 445 So.2d 1171, 1182 (La.1984); State v. Ortego, 382 So.2d 921, 923 (La.), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980).
In State v. Coleman, 32,906 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, the court stated that in considering consecutive sentences,
"[a]mong the factors to be considered are the defendant's criminal history, State v. Ortego, supra; State v. Jacobs, 493 So.2d 766 (La.App. 2d Cir.1986); the gravity or dangerousness of the offense, State v. Adams, 493 So.2d 835 (La.App. 2d Cir.1986), writ denied, 496 So.2d 355 (La.1986); the viciousness of the crimes, State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986); the harm done to the *491 victims, State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied, 435 So.2d 433 (La.1983); whether the defendant constitutes an unusual risk of danger to the public, State v. Jett, 419 So.2d 844 (La.1982); the defendant's apparent disregard for the property of others, State v. Parker, 503 So.2d 643 (La.App. 4th Cir.1987); the potential for the defendant's rehabilitation, State v. Sherer, 437 So.2d 276 (La.1983); State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir. 1987); and whether the defendant has received a benefit from a plea bargain, State v. Jett, supra; State v. Adams, supra.

Id. at 1247-48.
"A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification from the evidence of record." Id. at 1248. "Consecutive sentences may be justified when due to past conduct or repeated, key word `past' conduct, key word `repeated' offenses, over an extended period, the defendant poses an unusual risk to the safety of the public." State v. Rodriguez, 98-2574 (La.App. 4 Cir. 2/16/00) 753 So.2d 339, 348.
In State v. Jones, 97-2591 (La.App. 4 Cir. 9/8/99), 744 So.2d 165, writ denied, 99-3141 (La.4/7/00), 759 So.2d 91, the defendant was convicted of forcible rape, aggravated battery, attempted forcible rape and simple burglary, involving two different victims living in the same house. The court found defendant to be a third offender, and sentenced the defendant in response to each present conviction. On appeal, defendant argued that the trial court erred in ordering that some of the sentences be served consecutively. This court stated:
[T]he trial court ordered that the sentences imposed for the crimes committed against C.M. be served consecutively to those crimes committed against S.M. Although the crimes here arose from a single course of conduct, they affected more than one victim, were particularly heinous, and were apparently premeditated. In light of these factors, the trial court did not abuse its discretion in ordering that the sentences be served consecutively.
Id., 97-2591 at pp. 8-9, 744 So.2d at 170.
In sentencing the defendant in the instant case, the trial court summarized defendant's criminal history. The trial court stated:
The court's going to note that this case first went to trial on the drug charges in February of 1999. The jury came back guilty as charged (sic) on that charge involving 27 bags of cocaine.
The Convicted Felon in Possession of a Firearm charge went to trial on May 17, 1999, and again, the jury came back guilty as charged.
The Court notes that in sentencing the defendant the defendant has one prior felony conviction for distribution within a thousand feet of Danneel Elementary School. You were placed on probation for that offense, and then you also had one prior misdemeanor marijuana charge.
The Court, in deciding whether or not to give you a concurrent or consecutive sentence, Mr. Walker, I am looking at your prior record and most particularly the facts of the instant case, a fully loaded, nine millimeter Ruger weapon and 27 bags of cocaine in the same approximate area where you had just been convicted of distribution of cocaine within a thousand feet of an elementary school.
.... I find that because of your criminal history and the dangerousness of both the gun with the amount of cocaine you had in this case, your past record of being put on probation and failing that, and being right back in the same neighborhood to sell more dope and more death to people out there in the community, your disregard for the laws of this state in selling cocaine, and in carrying a loaded weapon with cocaine, and especially in light of your testimony in this trial, which the Court heard twice, about the police activity in this case, I find that *492 you were not truthful in your testimony before this Court on both occasions ...
The trial judge misstated the jury's verdict on the cocaine charge as guilty as charged, instead of guilty of attempted possession with intent to distribute. Otherwise the judge was familiar with the defendant's criminal background. However, in sentencing defendant the judge did not fully consider the factors outlined above. We find that in light of the circumstances of defendant's case, particularly that the two offenses arose out of the same transaction, that consecutive sentences are not justified. While none of the individual sentences imposed are excessive, we find that the imposition of consecutive sentences totaling twenty-four years in prison to be disproportionate to the crimes committed. As we find that the aggregate of the sentences is constitutionally excessive, they must be amended to provide that defendant's sentences are to be served concurrently rather than consecutively.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction and amend defendant's sentence to run concurrently rather than consecutively.
CONVICTION AFFIRMED; SENTENCE AMENDED.