PATRICIA RIVET MURRAY, Judge.
hln this criminal case, the defendant, Casey Reichard, appeals his conviction and sentence for unauthorized use of a motor vehicle. For the reasons that follow, we affirm his conviction.

STATEMENT OF THE CASE

On December 14, 2004, the State filed a bill of information charging Mr. Reichard with one count of unauthorized use of a motor vehicle, a violation of La. R.S. 14:68.4. On January 6, 2005, Mr. Reichard was arraigned and entered a not guilty plea. On February 24, 2005, the trial court denied Mr. Reichard’s pretrial motion to suppress a confession. On March 21, 2005, a six-person jury tried the case, and returned a verdict of guilty as charged. On April 15, 2005, the trial court sentenced Mr. Reichard to serve six years at hard labor. Mr. Reichard filed a motion to reconsider sentence, which the minute entry indicates the trial court denied. He also filed a motion for an appeal, which the court granted. This appeal followed.
| STATEMENT OF THE FACTS
On November 6, 2004, Janette Orlando went shopping at the Esplanade Mall in Kenner, Louisiana. When she left the mall, she discovered that her car- — a 1991 Camry that was registered in the name of her father, George Orlando — was missing. Ms. Orlando and her father reported the stolen vehicle to the Kenner Police Department.
On November 8, 2004, New Orleans Police Department (“NOPD”) officers Rita Franklin and Orlynthia Miller-White were conducting seatbelt and insurance checks in the area of the Lafitte Housing Development when they spotted Mr. Reichard driving without a seatbelt. The officers checked the license plate of the vehicle Mr. Reichard was driving, and discovered that the vehicle had been reported stolen. The officers initially stopped Mr. Reichard on the corner of Orleans and North Derbigny. As the officers approached the vehicle, they noticed that Mr. Reichard was rolling a cigarette. Officer Franklin instructed him to put it down and to produce the documents relating to the vehicle. Officer Franklin testified that Mr. Reichard “discarded the cigarette and reached inside the seat and came up with a gun.” She further testified that she “stepped back and shouted to her partner that he had a gun.” Mr. Reichard then sped off. A high-speed chase ensued. The chase, which lasted about twenty minutes, covered various parts of the city and went into the neighboring parish, Jefferson Parish. The chase ended in Jefferson Parish where Mr. Reichard was apprehended.
NOPD Officer Scott Seymour testified that he and his partner assisted in the chase and the apprehension of Mr. Reich-ard in Jefferson Parish. Officer Seymour testified that he used a taser to subdue Mr. Reichard. He explained that he did so |3because, after Mr. Reichard abandoned the stolen vehicle, he attempted to break free, from the other officers.
Officers Franklin and Miller-White testified that during the chase Mr. Reichard threw various items from the vehicle. However, because the chase covered such a wide area, nothing that he discarded was ever found. Once Mr. Reichard was apprehended, a single key was removed from the ignition of the vehicle. The key had imprinted on it “Mid City Lock and Key X15911.” Officer Franklin testified that the ignition lock was jimmied.
Ms. Orlando and her father testified at trial that they neither knew Mr. Reichard, nor gave him permission to use the vehicle. Ms. Orlando’s father also testified that, to his knowledge, there were only two keys to the vehicle, that both keys had the word “Toyota” printed on them, and that he and *730 bis daughter each had one of the keys. Mr. Orlando identified photographs of the vehicle, including a picture of the ignition area. He testified that the ignition did not appear to be in the same condition as it had been on the morning of the theft when he drove the vehicle to the shop to be serviced. He also testified that when he retrieved the vehicle, it had no oil in it and no longer ran properly.

ERRORS PATENT

A review of the record reveals that there are no errors patent.[1]

\ ¿DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1

In the assignment of error raised by counsel, Mr. Reichard argues that his trial counsel was ineffective because he failed to object to the State’s introduction of other crimes evidence, ie., that he pulled a gun when the officers stopped him.
Ordinarily, an ineffective assistance claim is better addressed in an application for post-conviction relief filed in the trial court in which a full evidentiary hearing can be held. State v. Howard, 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802. However, where the record is sufficient to permit a determination of counsel’s effectiveness at trial, the claims may be addressed on appeal. State v. Wessinger, 98-1234, (La.5/28/99), 736 So.2d 162; State v. Bordes, 98-0086, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147; State v. McGee, 98-1508, p. 4 (La.App. 4 Cir. 3/15/00), 758 So.2d 338, 341; State v. Causey, 96-2723, p. 10 (La.App. 4 Cir. 10/21/98), 721 So.2d 78, 84. Indeed, when the appellate record is sufficient, “the interests of judicial economy justify consideration of the issues on appeal.” State v. Kanost, 99-1822, p. 6 (La.App. 4 Cir. 3/29/00), 759 So.2d 184, 188. Such is the case here.
The standard for assessing an ineffective assistance of counsel claim is well-settled; the two-prong standard enunciated in the seminal case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), must be applied. State v. Fuller, 454 So.2d 119 (La.1984); State v. Brooks, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (on reh’g); State v. Robinson, 98-1606, p. 10 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, a defendant must establish both that counsel’s performance was deficient and that the ^deficiency prejudiced the defendant. State v. Jackson, 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741. As to the former, the defendant must show that counsel made errors so serious that counsel was not functioning as the “counsel” the Sixth Amendment guarantees. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064; State v. Ash, 97-2061, p. 9 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, 669. As to the latter, the defendant must show that “counsel’s errors were so serious as to deprive him of a fair trial, i.e., a trial whose result is reliable.” McGee, 98-1508 at p. 5, 758 So.2d at 342. To carry his burden, the defendant must show that *731 there is a reasonable probability that, but for counsel’s deficient performance the result of the proceeding would have been different; “[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 693, 104 S.Ct. at 2068; State v. Guy, 97-1387, p. 7 (La.App. 4 Cir. 5/19/99), 737 So.2d 231, 236.
An “effective counsel” has been defined as “not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.” State v. Anderson, 97-2587, p. 7 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, 19 (citing, State v. Seiss, 428 So.2d 444 (La.1983)). Given that “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s trial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.” State v. Crowell, 99-2238, p. 8 (La.App. 4 Cir. 11/21/00), 773 So.2d 871, 878 (quoting State v. Brooks, 505 So.2d 714, 724 (La.1987)). It follows then “trial strategy” type errors do not constitute ineffective assistance of counsel. Crowell, 99-2238, at p. 8, 773 So.2d at 878 (citing State v. Bienemy, 483 So.2d 1105 (La.App. 4 Cir.1986)); State v. Bordes, 98—0086, p. 8 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147 (quoting Bienemy, 483 So.2d at 1107 (noting that “[t]his court has previously recognized that if an alleged error falls ‘within the ambit of trial strategy’ it does not ‘establish ineffective assistance of counsel.’ ”))
In this case, Mr. Reichard contends that his trial counsel was ineffective for failing to challenge the admission of the other crimes evidence. He contends that the officers’ testimony regarding his alleged display of a gun at the time he was initially stopped was irrelevant to the charged crime of unauthorized use of a motor vehicle. The State counters that this evidence is res gestae because it is an integral part of the act for which Mr. Reichard was arrested.
The res gestae exception to the other crimes exclusion is codified in the last sentence of La. C.E. art. 404(B)(1), which provides that:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
La. C.E. Art. 404(B)(1). If evidence is admissible under the res gestae exception, it is not subject to any notice requirements. State v. Brown, 03-1616 (La.App. 4 Cir. 3/31/04), 871 So.2d 1240; writ denied, 04-1285 (La.10/15/04), 883 So.2d 1044; State v. Williams, 03-0987 (La.App. 4 Cir. 12/10/03), 863 So.2d 652; writ denied, 04-0261 (La.6/04/04), 876 So.2d 75 (noting that if the evidence of other crimes is introduced because it was an integral part of the act that is the subject of the case, no advance notice is required).
|7The Louisiana Supreme Court discussed the res gestae principle in State v. Taylor, 01-1638, pp. 10-11 (La.1/14/03), 838 So.2d 729, 741-42, cert. denied, Taylor v. Louisiana, 540 U.S. 1103, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004).
*732 Res gestae events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them.The res gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances .... [I]ntegral act (res gestae) evidence in Louisiana incorporates a rule of narrative completeness without which the state’s case would lose its “narrative momentum and cohesiveness, ‘with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.’ ”
Taylor; 01-1638 at pp. 10-11 (La.1/14/03), 838 So.2d at 741-42 (quoting State v. Colomb, 98-2813, p. 4 (La.10/1/99), 747 So.2d 1074, 1076 (quoting Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997))).
In State v. Walker, 99-2217 (La.App. 4 Cir. 10/25/00), 775 So.2d 484, which was cited in Brovm, the defendant argued on appeal that his counsel was ineffective for his failure to object to the introduction of testimony regarding cocaine seized from the trunk of a car and his conviction for possession of that cocaine.[2] The defendant was on trial for being a convicted felon in possession of a firearm. The police officers testified that they observed the defendant open the trunk of a car and place a handgun into it from his waistband. The police apprehended the defendant, seized the key to the trunk, opened it, and found the gun. Next to the gun were several grams of crack cocaine. The defendant argued on appeal that there was no need to include any testimony regarding the narcotics |sin order to substantiate the charge regarding the firearm. Finding the res gestae exception applicable, this court reasoned that the police officers’ “narrative testimony established that all of the events leading up to the defendant’s arrest ... occurred within a short period of time.” Walker, 99-2217 at p. 7, 775 So.2d at 489.
This court in Walker further found that the defendant’s ineffective assistance of counsel claim was unpersuasive. The court reasoned that the defendant’s trial counsel may have believed that any objection to the evidence would have been overruled by the trial court on the grounds that the evidence was admissible under the res gestae exception because the evidence “was so closely related to the State’s case as to the charge of felon in possession of a firearm.” Walker, 99-2217 at p. 8, 775 So.2d at 489. The Court stated that “[cjounsel could have made a strategic decision not to object to the evidence if only to avoid emphasizing it to the jury.” Id. As noted above, such trial strategy decisions do not establish ineffective assistance of counsel.
Mr. Reichard argues that the testimony about him displaying a gun before fleeing from the officers could have been excised from the officers’ testimony without a loss of narrative cohesion. Therefore, he argues that it does not qualify as a res gestae exception to the exclusion of other crimes evidence. However, the testimony about the weapon was as much an integral part of the events leading up to Mr. Reichard’s arrest as was the discovery of the cocaine *733 in Walker, if not more so. Furthermore, it is possible that trial counsel in this case did not object to the testimony about the gun because Mr. Reichard’s possession of the gun arguably gave an explanation for his flight from the officers, other than guilt over possessing a stolen vehicle, leaving counsel free to argue that Mr. Reichard’s possession of the vehicle was authorized. Alternatively, trial counsel may have accepted that an 13objection would have been overruled. In either event, under Walker, this assignment of error is not persuasive.
DECREE
For the foregoing reasons, the defendant’s conviction is affirmed.
CONVICTION AFFIRMED.

. A possible error patent pertaining to the sentence was raised by Mr. Reichard in his pro se filing. Mr. Reichard contended that the trial court improperly changed his sentence from four years to six years after he requested an appeal bond. However, while this appeal was pending, Mr. Reichard filed an application for supervisory writ raising the issue of the appeal bond. State v. Reichard, 2006-K-0397. In response, this court requested the trial court provide a per curiam. In the per curiam, the trial court requested that the matter be remanded for resentencing. On May 23, 2006, this court granted that request and ordered the matter remanded for resentencing. The issue Mr. Reichard raises regarding his initial sentence is thus now moot.

. The counts had been severed, and he was tried on the narcotics charge first.