758 So.2d 338 (2000)
STATE of Louisiana
v.
Michael H. McGEE.
No. 98-KA-1508.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2000.
*340 Samuel P. Olive, Student Practitioner, Patrick E. Costello, Student Practitioner, Robin E. Schulberg, Supervising Attorney, Loyola Law Clinic, New Orleans, Louisiana, (Attorneys for Defendant/Appellant, Michael H. McGee).
Harry F. Connick, District Attorney, Loan "Mimi" Nguyen, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana (Attorneys for Appellee, The State of Louisiana).
Court composed of Judge CHARLES R. JONES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY.
MURRAY, Judge.
Michael H. McGee was convicted by a jury of simple possession of cocaine, a violation of La. R.S. § 40:967 C.[1] He was adjudicated a third offender under La. R.S. § 15:529.1 and was sentenced to serve ten years at hard labor without benefit of probation, parole or suspension of sentence. Mr. McGee's subsequent pro se motion for the return of property seized at the time of arrest was denied after a hearing on August 22, 1997.
Mr. McGee now appeals, seeking reversal of both his adjudication as a multiple offender and of the denial of his motion for return of property. For the reasons that follow, we vacate the multiple offender adjudication and sentence and remand for a new hearing, but affirm the denial of Mr. McGee's motion for return of property.

THE MULTIPLE OFFENDER ADJUDICATION
After Mr. McGee's conviction for possession of cocaine, he was charged as a multiple offender based upon allegations of two prior felony convictions. The bill of information asserted that, in Orleans Parish case number 267-838, Mr. McGee had pled guilty on January 5, 1979 to illegal possession of stolen things under La. R.S. § 14:69, and that, in Orleans Parish case number 270-709, he had pled guilty on October 2, 1979 to armed robbery under La. R.S. § 14:64.
On November 21, 1995, Mr. McGee entered a plea of not guilty to the multiple offender bill of information. The following exchange then occurred:

THE COURT: LET THE NOT GUILTY PLEA BE RECORDED AS TO THE MULTIPLE BILL. SET A HEARING DATE, OR ARE YOU GOING TO HEAR IT TODAY? CAN YOU GET THE FINGERPRINT MAN HERE?

THE STATE: NOT TODAY, YOUR HONOR....
* * * *

DEFENSE: YOUR HONOR, HE IS REQUESTING THE COLLOQUY OF THE BOYKIN HEARING.

THE COURT: I'M GOING TO TAKE AND SAY, THERE'S A  THE LEGISLATURE CHANGED THE WAY THAT THESE MULTIPLE BILLS ARE PROVEN. DIDN'T THEY SHIFT THE BURDEN HERE?

THE STATE: UNDER STATE VERSUS SHELTON, YOUR HONOR, ... ALL THE STATE REALLY HAS TO PROVE IS IT'S PRIMA FACIE CASE. WE DON'T HAVE TO SHOW A COLLOQUY ANYMORE. IF THE DEFENSE WANTS TO SHOW THAT THERE WAS AN ERROR, THEN 

THE COURT: IT'S THEIR BURDEN.

*341 THE STATE: THEY HAVE THE BURDEN OF GETTING THE COLLOQUY.

THE COURT: IT'S YOUR BURDEN, MR. PINKSTON. IF YOU WANT TO HAVE THAT TRIAL, YOU CAN HAVE IT.

DEFENSE: YOUR HONOR, KEEPING IN MIND THAT MY CLIENT IS INDIGENT AND YOU APPOINTED ME TO THIS CASE

THE COURT: COME ON BACK HERE, MR. PINKSTON.
An off-the-record bench conference was held. The proceedings then resumed to set a date for the multiple bill hearing, but with no further mention of any Boykin transcript.
After five continuances had been granted for the defense, a hearing on the multiple bill was held on March 8, 1996.[2] The State's only witness was a fingerprint expert from the New Orleans Police Department, who testified that the fingerprints taken from Mr. McGee earlier that day matched the fingerprints on his arrest records for possession of stolen property on December 3, 1978, as well as the fingerprints on Corrections Department records for Mr. McGee's incarceration for armed robbery.[3] On cross examination, defense counsel clarified the dates of Mr. McGee's prior imprisonment, but neither challenged the evidence nor presented any argument in opposition to the multiple bill.
After the court had reviewed the State's documentation, Mr. McGee was held to be a triple offender and his attorney entered an oral objection to the adjudication. After sentence was pronounced, the Orleans Indigent Defender Program was designated to represent the defendant on other, unrelated pending charges, and Mr. McGee's previously appointed trial counsel was permitted to withdraw.[4]
Mr. McGee's appellate counsel contends that the multiple offender adjudication must be reversed because the trial court erroneously denied the request for a Boykin transcript, which was needed to establish that Mr. McGee had not been fully informed of his rights before he pled guilty to the prior offenses. It is further argued that the adjudication is invalid because Mr. McGee received ineffective assistance from his trial attorney, who not only acquiesced in the denial of the request for a Boykin transcript but also failed to offer alternative evidence, as permitted under State v. Shelton, 621 So.2d 769 (La.1993), to challenge the adjudication. It is also argued that trial counsel was ineffective for failing to challenge the January 1979 conviction based upon an alleged conflict of interest, because Mr. McGee's attorney at that time also represented his co-defendant in the case.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Hampton, 94-1943 (La.App. 4th Cir.12/27/96), 686 So.2d 1021, writ denied, 97-0166 (La.6/13/97), 695 So.2d 986. But an evidentiary hearing is not necessary where the record on appeal is sufficient to permit a determination of counsel's effectiveness at trial. State v. Seiss, 428 So.2d 444 (La.1983); State v. Holmes, 95-2249 (La. App. 4th Cir.10/29/97), 701 So.2d 752, writ denied, 98-0149 (La.6/26/98), 719 So.2d *342 490. Under such circumstances, it is in the interest of judicial economy to dispose of the issue on appeal. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909; State v. Holmes, supra.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show both that his counsel's performance was deficient and that the deficient performance prejudiced him. With regard to counsel's performance, the defendant must show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. As to prejudice, the defendant must show that counsel's errors were so serious as to deprive him of a fair trial, i.e., a trial whose result is reliable. Thus, it must be shown to a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.
The standards and procedures for multiple offender adjudications under R.S. § 15:529.1 D(1)(b) were set forth in State v. Shelton, supra, as follows:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.
621 So.2d at 779-80 (footnotes omitted).
In this case, the State produced the arrest register, bill of information, docket master and a minute entry for case # 267-838, establishing that Mr. McGee was charged with possession of a stolen car in December 1978 and pled guilty to that offense on January 5, 1979. A copy of the contemporaneous "Plea of Guilty" form for that case was also filed, with Mr. McGee's initials behind the statement that,
I understand that I have a right to trial and if convicted a right to appeal and by entering a plea of guilty in this case I am waiving my rights to trial and appeal.
While the minute entry states that Mr. McGee waived his Constitutional rights, neither the minute entry nor the plea form enumerates the three Boykin rights. The only documentation presented by the State concerning the second predicate felony was the Department of Corrections'"Penn Pack," showing that Mr. McGee was imprisoned from October 22, 1979 to August 16, 1991 for an armed robbery conviction in case # 270-709. As previously stated, Mr. McGee's fingerprints matched those on all of these records.
This evidence thus demonstrates that the State met its initial burden as to both of the prior convictions. The record further establishes, however, that Mr. McGee asserted that one or both of his 1979 guilty pleas was entered without an informed *343 waiver of his Boykin rights.[5] Despite these allegations, Mr. McGee's attorney failed to submit any "affirmative evidence" to support this challenge, whether by pressing his indigent client's request for a transcript or by offering "testimony regarding the taking of the plea," as expressly provided in Shelton, 621 So.2d at 779, n. 24. Furthermore, although the State presented no evidence of a counseled guilty plea in October 1979, defense counsel failed to present any argument or opposition to the use of this conviction to enhance Mr. McGee's sentence. Therefore, we find the appellate record sufficient to support Mr. McGee's claim of ineffective assistance of counsel. Because the trial attorney committed prejudicial errors in his representation with regard to the multiple bill proceedings, a new hearing is required to afford Mr. McGee the opportunity to meet his burden of proof under Shelton.
However, we must reject the defendant's additional claim that his attorney should have challenged the January 1979 guilty plea based upon a purported conflict of interest. Because joint representation of co-defendants is not a per se violation of the U.S. or Louisiana Constitutions, there is no duty to inquire into a possible conflict of interest absent special circumstances. State v. Smith, 98-2078 (La.10/29/99), 748 So.2d 1139, and cases cited therein. Furthermore, if a defendant fails to raise the issue until after trial, he must prove that he was prejudiced by an actual conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); see State v. Edwards, 430 So.2d 60, 62 (La.1983). Although Mr. McGee's appellate counsel contends that a conflict existed because the co-defendant bore greater culpability for the December 1978 crime, the guilty plea minute entry reflects that, in fact, Mr. McGee received a lesser sentence than his co-defendant. Therefore, there is no basis for concluding that trial counsel was ineffective for failing to inquire into this issue.

THE MOTION FOR RETURN OF PROPERTY
In this assignment of error, defendant complains that the trial court erred in denying his motion for the return of over $100 cash, a cellular phone and a pager that was taken at the time of his arrest in December 1993. He contends that because the State did not initiate forfeiture proceedings under La. R.S. § 40:2601 et seq. until January 1997, and because there has still been no judgment of forfeiture rendered, he is entitled to the return of these assets.
The record in this case contains Mr. McGee's pro se pleading, filed in the district court on February 12, 1996, in which he states that he wants his property returned.[6] Minute entries indicate that the State filed a motion for asset forfeiture on January 7, 1997 and again on March 21, 1997, but there is neither a written notice of pending forfeiture nor a motion for forfeiture in the record. While the trial court denied Mr. McGee's motion at a hearing held August 22, 1997, there is no indication that any action has yet been taken on the State's motion for a judgment of forfeiture.
At the time of Mr. McGee's arrest and conviction, La. R.S. § 40:2608 provided in pertinent part for the forfeiture of assets seized in conjunction with a drug arrest as follows:[7]
*344 Forfeiture proceedings shall be commenced as follows:
(1)(a) If the district attorney fails to initiate forfeiture proceedings against property seized for forfeiture by serving Notice of Pending Forfeiture within one hundred and twenty days after its seizure for forfeiture or if the state fails to pursue forfeiture of the property upon which a timely claim has been properly served by filing a Petition for Forfeiture proceeding within ninety days after Notice of Pending Forfeiture, the property shall be released from its seizure for forfeiture on the request of an owner or interest holder, pending further proceedings pursuant to the provisions of this Chapter.
(b) When no formal written Notice of Pending Forfeiture or Notice of Seizure for Forfeiture has been given to the claimant, the claimant may file a Motion for Release of Seized Property under the criminal jurisdiction of the court.
Mr. McGee argues that because the State has not complied with the time limits set forth in § 2608(1)(a) above, the trial court was required to grant his Motion that was filed in accordance with subsection (1)(b). However, La. R.S. § 40:2610 details the claim procedure to be followed by the owner or interest holder in property that is the subject of the forfeiture proceeding:
A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of perjury or false swearing and shall set forth all of the following:
(1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
(2) The address where the claimant will accept mail.
(3) The nature and extent of the claimant's interest in the property.
(4) The date, identity of the transferor, and the circumstances of the claimant's acquisition of the interest in the property.
(5) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
(6) All essential facts supporting each assertion.
(7) The specific relief sought.
Thus, although § 2608(1)(a) and (b) allows for the return of property pending a final judgment of forfeiture, § 2610 sets forth the procedure necessary for asserting that claim. In this case, there is no indication that Mr. McGee's pro se pleading was sent by certified mail to the New Orleans Police Department and the District Attorney, nor is it in affidavit form. Because the motion for return of property does not conform to these statutory requirements, Mr. McGee has not established that he is entitled to the relief sought. State v. $18,905 U.S. Currency, 99-1073 (La.6/25/99), 745 So.2d 1186.

ERRORS PATENT REVIEW
A review of the record reveals an error patent with regard to Mr. McGee's sentence in that the sentence was imposed without benefit of parole. The statute under which he was convicted, La. R.S. § 40:967 C(2), does not require that sentence be imposed without benefit of parole, probation, or suspension of sentence, and La. R.S. § 15:529.1 G prohibits only probation or suspension of sentence. However, because we have vacated the multiple offender *345 adjudication and sentence, this error is moot.
There are no other errors patent.

CONCLUSION
For the reasons assigned, Mr. McGee's adjudication and sentence as a multiple offender are vacated, and the case is remanded for a new hearing on the multiple bill consistent with the principles and procedures set forth in State v. Shelton, 621 So.2d 769 (La.1993). The trial court's denial of the motion for return of property is affirmed.
MULTIPLE OFFENDER ADJUDICATION AND SENTENCE VACATED; AFFIRMED AS TO MOTION FOR RETURN OF PROPERTY.
NOTES
[1] Because Mr. McGee has not appealed this conviction, the events that led to his arrest on the underlying charges are not relevant here and, therefore, are not recounted in this opinion.
[2] The minute entry for this date erroneously indicates that, after being informed of his rights, the defendant pled guilty to the multiple bill. The transcript, which prevails, establishes instead that the State was required to prove its allegations under La. R.S. § 15:529.1.
[3] The officer also identified one of the documents as a certified copy of a 1981 conviction for theft. However, this appellate record contains nothing further about any such offense by Mr. McGee.
[4] The record reflects, however, that this attorney again appeared on Mr. McGee's behalf on April 30, 1997 on a motion to reconsider sentence.
[5] Neither the transcripts nor Mr. McGee's numerous pro se pleadings in the record make clear whether he is challenging the January or October 1979 pleas, or both.
[6] Another pro se pleading seeking the return of the property was filed in this court in November 1996, then transferred to the trial court for its consideration. State v. McGee, 94-K-2473 (La.App. 4th Cir.11/26/96) (unpublished).
[7] While this statute was subsequently amended in 1997, the version in effect at the time of the arrest applies. State v. Property Located at # 70 Oakland St., 98-929, p. 4 (La.App. 5th Cir.1/26/99), 727 So.2d 1240, 1243, writ denied, 99-1095 (La.9/3/99), 747 So.2d 540.