PATRICIA RIVET MURRAY, Judge.
 

 | ,This is a criminal appeal. Abram Major appeals his conviction for felon in possession of a firearm and the related sentence. For the reasons that follow, we affirm the conviction and sentence.
 

 STATEMENT OF THE CASE
 

 On June 27, 2007, the State charged Abram Major with one count of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. On August 6, 2007, Mr. Major was arraigned and pled not guilty. On October 2, 2007, the trial court denied his motion to suppress the evidence and found probable cause for the arrest. On February 27, 2008, Mr. Major filed a pro se motion to quash, which the trial court denied.
 
 [1]
 
 On that same day, the matter went to trial, and the jury, by a ten-to-two vote, found Mr. Major guilty as charged. On March 28, 2008, the court sentenced Mr. Major to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence, and the court suspended the fine. The trial court denied Mr. Major’s motion for new trial, motion to reconsider sentence and a post-verdict judgment of acquittal, but granted his motion for appeal.
 

 \STATEMENT OF THE FACTS
 

 On April 26, 2007, at approximately 10:00 p.m., three New Orleans Police Department (“NOPD”) officers — Michael Pierce, Devin Joseph, and Kory McKain— were on patrol together. The trio was riding together in a marked patrol car when they observed a gray Mustang run a red light at the intersection of Dumaine and North Miro Streets. Officer Pierce, who was driving the patrol car, initiated a traffic stop of the Mustang. All three officers exited their vehicle and approached the Mustang. Officer Pierce approached the driver’s side, Officer McKain (who was riding in the passenger seat of the patrol car) approached on the passen
 
 *718
 
 ger side, and Officer Joseph (who was riding in the back seat of the patrol car) approached the rear.
 

 Officer Pierce testified that, as he approached the driver’s side of the Mustang, the driver (later determined to be Mr. Major) leaned over and reached down under his seat. Officer Pierce then peered inside the vehicle and spotted the butt of a handgun protruding from beneath the driver’s seat. He alerted the other officers of the gun and ordered Mr. Major and his passenger, Hawuanda Campbell, to exit the car. Mr. Major and Ms. Campbell complied.
 

 Officer Pierce placed Mr. Major at the front of the Mustang, and Officer McKain approached Ms. Campbell. Officer McKain ran Mr. Major’s name through the police computer and learned that Mr. Major had a suspended driver’s license and was on parole for his prior convictions of . possession with intent to distribute cocaine and being armed with weapon while in possession of narcotics. Officer Joseph removed the gun, which was in plain view, from the driver’s side floorboard and unloaded it. Officer Pierce placed Mr. Major under arrest and read Rhim his
 
 Miranda
 
 rights. According to Officer Pierce, Mr. Major made no statements regarding the incident, but he did tell Officer Pierce that the car he was driving belonged to his friend.
 

 The officers transported Mr. Major to central lockup where they logged in the weapon and ammunition with Central Evidence and Property. Ms. Campbell was released.
 

 Neither Officer Pierce nor Officer Joseph spoke with Ms. Campbell. Officer McKain interviewed Ms. Campbell. Officer McKain did not testify at trial. Officer Joseph testified corroborating Officer Pierce’s testimony. He also made an in court identification of Mr. Major and the gun that he retrieved from under the driver’s seat of the car Mr. Major was driving.
 

 The State and the defense stipulated that on September 24, 2004, Mr. Major pled guilty to possession with the intent to distribute cocaine in case number 444-868, section “B” of Orleans Parish Criminal District Court.
 

 The sole defense witness was Ms. Campbell. She testified that on the date Mr. Major was arrested, April 26, 2007, she was staying at the Crystal Inn on Tulane Avenue. She had moved out of her house in Algiers and had been staying at the hotel for about two and a half weeks. According to Ms. Campbell, Mr. Major also was apparently staying at the hotel. She testified that she did not really know him and that she had just said hello to him a few times. Ms Campbell testified that on April 26, 2007, she had an emergency and needed to go to her house in Algiers to pick up her son. She asked Mr. Major if he could give her a ride, and he agreed. En route, they were stopped by the police for a traffic violation. She testified that Mr. Major was unaware that she had a gun in her purse that night. Ms. Campbell |4denied that the gun was visible on the floorboard of the car that night. Rather, she testified that the gun was in her closed purse, which was situated near her feet on the passenger side of the vehicle. Ms. Campbell testified the gun did not leave her purse until one of the officers removed her purse from the vehicle and looked through her purse without her permission.
 

 On May 1, 2007, shortly after Mr. Major’s arrest, Ms. Campbell submitted a notarized statement, labeled “Affidavit of Ownership,” to the district attorney’s office in which she attested as follows:
 

 “That I am the owner of one 9 mm High Point, Serial # 1324556, purchased from
 
 *719
 
 Elliot’s Gun Shop, located at 3008 Jefferson Highway, Jefferson, Louisiana. The above described hand gun was in ray purse when we were stopped by the New Orleans Police. Mr. Abram Major’s had no knowledge of me having this gun in my purse at the time we were stopped.”
 

 At trial, the receipt and registration paper for the gun bearing Ms. Campbell’s name and dated March 19, 2007, were also introduced. Although Ms. Campbell testified that she purchased the gun for protection, she acknowledged that she had never taken lessons on using the gun. She also acknowledged that her husband had loaded the gun for her and that she did not have a permit to carry a concealed weapon.
 

 ERRORS PATENT
 

 A trial court’s failure to impose the mandatory fine required by La. R.S. 14:95.1(B) is an error patent that mandates that we remand for the imposition of such fine.
 
 State v. Jefferson,
 
 04-1960 (La.App. 4 Cir. 12/21/05), 922 So.2d 577. In this case, the trial court in sentencing Mr. Major imposed the mandatory sentence allowed by statute, stating that “the Court feels that the maximum sentence is merited in this case.” The trial court then stated that the “[f]ine in this |r,case is suspended.” Given that the trial court imposed the mandatory sentence of fifteen years as well as the mandatory fine permitted under La. R.S. 14:95.1(B) of five thousand dollars and then suspended that fine, we find there is no error patent.
 

 COUNSELED AND PRO SE ASSIGNMENT OF ERROR NUMBER 1
 

 Mr. Major contends that the evidence is insufficient to support the conviction. The standard for reviewing a sufficiency of the evidence claim is well settled; to-wit:
 

 When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.”
 
 State v, Neal,
 
 00-0674 (La.6/29/01), 796 So.2d 649, 657 (citing
 
 State v. Captville,
 
 448 So.2d 676, 678 (La.1984)).
 

 State v. Brown,
 
 03-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18;
 
 see also State v. Sykes,
 
 04-1199 (La.App. 4 Cir. 3/9/05), 900 So.2d 156.
 

 Mr. Major was convicted of possession of a firearm by a convicted felon. To convict a defendant of possession of a firearm by a convicted felon the State must prove beyond a reasonable doubt: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitations, and (4) general intent to commit the offense. La. R.S. 14:95.1;
 
 State v. Husband,
 
 437 So.2d 269 (La.1983). In this case, the second and third factors are conceded.
 
 [2]
 
 The State was required to prove only that Mr. Major possessed the gun and that he had the general intent to possess it.
 

 | ^General intent is present when the circumstances indicate that the defendant, in the ordinary course of human
 
 *720
 
 experience, must have adverted to the proscribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). The element of possession is satisfied by establishing the defendant had either actual or constructive possession.
 
 State v. Day,
 
 410 So.2d 741 (La.1982);
 
 State v. Silva,
 
 447 So.2d 1242 (LaApp. 4 Cir.1984). Constructive possession exists if a defendant has dominion and control over a weapon even if it is only temporary in nature and even if the control is shared.
 
 State v. Edwards,
 
 354 So.2d 1322 (La.1978);
 
 Silva,
 
 447 So.2d at 1245;
 
 State v. Washington,
 
 605 So.2d 720, 722 (La.App. 2 Cir.1992). The defendant’s awareness is a factor that overlaps both of these elements — possession and intent.
 
 State v. Evans,
 
 29,675, p. 8, n. 5 (La.App. 2 Cir. 9/24/97), 700 So.2d 1039, 1043. “[A] careful review of recent decisions on the offense of La. R.S. 14:95.1 indicates that awareness is used to prove “possession,” although awareness must exist to have intent.”
 
 Id.
 
 (citing
 
 State v. Woods,
 
 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809).
 

 In
 
 Washington, supra,
 
 the defendant was a passenger in a vehicle the police stopped because they suspected that it had been used in the commission of a crime. After the driver and defendant were asked to exit the vehicle, a firearm was found in plain view on the floorboard of the passenger side. Affirming the defendant’s conviction, the appellate court reasoned that the defendant would likely have had his foot touching the weapon, particularly in light of the driver’s testimony that he had not stopped the car so suddenly as to cause the gun to come into view from underneath the seat. Because of these circumstances the court found that the defendant had constructive possession of the weapon.
 

 ^Similarly, in
 
 State v. Johnson,
 
 03-1228 (La.4/14/04), 870 So.2d 995, the police stopped the vehicle in which the defendant was riding as a passenger at night for a child restraint violation. At the time the vehicle was stopped, the driver had just picked up the defendant. The officers found a gun on the floor board of the vehicle where the defendant’s feet had been located. The officers testified that the defendant apparently was attempting to conceal the gun from them. The officers, however, did not see the defendant holding the weapon, and no fingerprints were found on it. At the time of the stop, none of the occupants of the vehicle claimed possession of the gun. Six days after the defendant’s arrest, one of the passengers went to the police station and submitted a written statement claiming ownership of the gun. This statement was corroborated at trial by the testimony of another passenger. The defendant testified that he neither saw nor possessed the gun. He further testified that the passengers were his friends and that he had not seen them with a gun.
 

 Reversing the defendant’s conviction, the appellate court found the evidence did not exclude other reasonable hypotheses of innocence — that the gun was on the floorboard of the car before the defendant’s entry into the car, that another passenger or the driver dropped the gun on the floorboard before the police arrived, and that another passenger discretely dropped the gun while the police officers’ attention was focused on the defendant. The appellate court reasoned that the evidence was insufficient to prove who possessed the gun or whether the defendant had sufficient dominion and control over the firearm to constitute constructive possession.
 
 State v. Johnson,
 
 36,854 (La.App. 2 Cir. 3/14/03), 839 So.2d 1247, 1255. Disagreeing and reinstating the conviction, the Louisiana Supreme Court faulted the ap
 
 *721
 
 pellate court for substituting its own credibility determination for that |8of the jury. The Supreme Court found that the defendant had actual, as opposed to constructive, possession of the gun. The Court relied upon the officer’s testimony that the defendant had attempted to conceal the weapon by placing his feet on top of it.
 
 State v. Johnson,
 
 03-1228 (La.4/14/04), 870 So.2d 995.
 

 In the instant case, we find the evidence the State presented at trial was sufficient to support the jury’s finding of possession. The evidence supports a finding that Mr. Major, at a minimum, had constructive possession of the gun that was underneath the driver’s seat at the time the officers stopped the Mustang he was driving. In so finding, we rely on the testimony of Officer Pierce that as he was approaching the Mustang he observed Mr. Major reach underneath his seat, that he spotted the gun in that location while Mr. Major was still in the vehicle, and that the gun was retrieved from that same location by Officer Joseph. In particular, Officer Pierce testified that:
 

 “I exited the driver’s side of the police vehicle, and I approached the driver’s side of the Mustang, at which point I observed Mr. Abram, he was — he appeared to be leaning, as if he was reaching under the seat. I took precautionary measures or whatever. I walked up to the vehicle. I looked down. I took a quick peek inside, and I observed a handgun, the butt of a handgun, protruding from beneath the seat.”
 

 As noted, Officer Joseph corroborated Officer Pierce’s testimony. Officer Joseph testified that he retrieved the loaded gun from the driver’s side front floor board.
 

 Mr. Major contends that Ms. Campbell testimony and documentary evidence establishing her ownership of the gun constituted an affirmative defense and that the State failed to present evidence to rebut that defense. The characterization of Ms. Campbell’s testimony as an affirmative defense is incorrect. An affirmative defense is “[a] defendant’s assertion of facts and arguments that, if true, will defeat the plaintiffs or prosecution’s claim, even if all the allegations in the complaint are | fltrue.” Bryan A. Garner,
 
 Black’s Law Dictionary
 
 451 (8th ed.2004). As the State points out, Ms. Campbell’s testimony and the evidence of her ownership of the gun was not an affirmative defense but rather was an alternative theory the defense presented at trial. The jury was presented with conflicting testimony and chose to believe the testimony of Officers Pierce and Joseph and to disbelieve, at least in part, the testimony of Ms. Campbell. The jury thus chose to believe that Mr. Major’s action proved his awareness of the presence of the gun and that he had the general criminal intent to possess the gun.
 
 See Johnson, supra.; Evans, supra.
 
 We find this assignment lacks merit.
 

 COUNSELED ASSIGNMENT OF ERROR NUMBER 2
 

 Mr. Major next contends that his sentence is unconstitutionally excessive. In reviewing a claim that a sentence is excessive, the only relevant question is “ ‘whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ”
 
 State v. Cook,
 
 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting
 
 State v. Humphrey,
 
 445 So.2d 1155, 1165 (La.1984)). For sentences falling within the range provided by the Legislature, a trial court abuses its discretion only when it contravenes the constitutional prohibition of excessive punishment set forth in La. Const, art. I, § 20, which prohibits “punishment disproportionate to the offense.”
 
 State v. Sepulvado,
 
 367 So.2d 762, 767 (La.1979). A sentence is constitution
 
 *722
 
 ally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly disproportionate to the severity of the crime.
 
 State v. Johnson,
 
 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the |inharm done to society, it shocks the sense of justice.
 
 State v. Baxley,
 
 94-2982 (La.5/22/95), 656 So.2d 973, 979.
 

 In reviewing an excessive sentence claim, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La.C.Cr.P. art. 894.1.
 
 State v. Trepagnier,
 
 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189;
 
 State v. Robinson,
 
 98-1606, p. 12 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 127. Nonetheless, this court has noted that “[t]he articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions.”
 
 State v. Major,
 
 96-1214, p. 10 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, 819. If adequate compliance with La. C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged.
 
 State v. Ross,
 
 98-0283, p. 8 (La.App. 4 Cir. 9/8/99), 743 So.2d 757, 762;
 
 State v. Bonicard,
 
 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.
 

 A trial court is entitled to consider the defendant’s entire criminal history in determining the appropriate sentence to be imposed. State
 
 v. Ballett,
 
 98-2568, p. 25 (La.App. 4 Cir. 3/15/00), 756 So.2d 587, 602. Thus, arrests can be considered.
 

 In this case, Mr. Major was convicted of being a felon in possession of a firearm, a violation of La. R.S. 14:95.1. A conviction under La. R.S. 14:95.1 mandates imprisonment at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and a fine. In imposing the maximum sentence of fifteen years, the trial judge noted that Mr. l^Major had an extensive criminal history dating back to 1989 that included several gun-related charges. The trial court further noted that Mr. Major’s criminal history included “over 14 felony arrests, 7 misdemeanor offenses, with convictions for at least two felonies, and at least two misdemeanors.” The trial court thus concluded that the imposition of anything less than the maximum sentence would deprecate the seriousness of this offense. We find no abuse of discretion in the trial court’s imposition of the fifteen year maximum sentence.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER 2
 

 Mr. Major contends that the State failed to prove that he was guilty of the predicate offense of possession with intent to distribute cocaine.
 

 In support of his argument, Mr. Major relies on
 
 State v. Broussard,
 
 99-1054 (La.App. 4 Cir. 5/22/02), 819 So.2d 1141. In
 
 Broussard,
 
 this court determined that the evidence was insufficient to prove that the defendant had a prior felony conviction, as required to support a conviction for being a felon in possession of firearm. Even though the State submitted documentation regarding the defendant’s prior conviction for armed robbery, the prosecution failed to offer positive identification, such as eyewitness testimony, or expert fingerprint analysis testimony, that defendant and the person with prior conviction was the same person.
 

 
 *723
 
 Mr. Major contends that, as in
 
 Brous-sard,
 
 no evidence exists to prove his identity because he never testified at either the motion hearing or the trial. He thus contends that the State should have been required to introduce expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding. We find Mr. Major’s reliance on the
 
 Broussard
 
 case misplaced. As noted elsewhere in this opinion, the State and defense counsel stipulated at trial j[athat Mr. Major was the same person who pled guilty on September 24, 2004, to possession with the intent to distribute cocaine in ease No. 444-868. The State carried its burden to prove Mr. Major’s guilt of the predicate offense.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER 3
 

 Mr. Major contends that the bill of information in this case is defective and should have been quashed because it did not comply with the technical requirements of La.C.Cr.P. art. 483. The record indicates that at outset of the motions hearing on October 24, 2007, the District Attorney amended the bill of information to reflect the correct case number on Mr. Major’s predicate conviction. The bill of information incorrectly read that the underlying docket number for the cocaine felony was 444-868 “B.” The bill should have read 351-323 “A.” (The correct case number, however, was 444-868.) The trial court authorized the State to amend the bill of information to correct this error for clerical purposes to reflect the correct case number of Mr. Major’s predicate offense.
 

 In
 
 State v. Jackson,
 
 04-2863, p. 11 (La.11/29/05), 916 So.2d 1015, 1921 (citing
 
 State v. Meunier,
 
 354 So.2d 535, 538 (La.1978)), the Louisiana Supreme Court noted that a bill of information meets the constitutional requirement of informing the accused of the nature and cause of the accusation against him if it contains all of the essential elements of the crime charged in sufficient particularity to: (i) enable the defendant to prepare for trial, (ii) allow the court to determine the propriety of the evidence which is submitted upon the trial in order that it may impose the correct punishment upon a verdict of guilty, and (iii) afford protection from subsequent prosecutions for the same offense.
 
 Id.
 

 | ^In this case, the bill of information charged Mr. Major with: “possessing] a firearm, to wit: a handgun ... having been previously convicted of a felony, namely: possession with the intent to distribute cocaine, in case number 444-868 “B” of the Orleans Parish Criminal District Court ...” The bill of information satisfied the requirements as set out in Jackson in that it advised Mr. Major of the essential facts constituting the offense. This assignment of error lacks merit.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER 4
 

 Mr. Major asserts a claim of ineffective assistance of counsel. Ordinarily, an ineffective assistance claim is better addressed in an application for post-conviction relief filed in the trial court in which a full evidentiary hearing can be held.
 
 State v. Howard,
 
 98-0064, p. 15 (La.4/23/99), 751 So.2d 783, 802. However, where the record is sufficient to permit a determination of counsel’s effectiveness at trial, the claims may be addressed on appeal.
 
 State v. Bordes,
 
 98-0086, p. 7 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147;
 
 State v. McGee,
 
 98-1508, p. 4 (La.App. 4 Cir. 3/15/00), 758 So.2d 338, 341;
 
 State v. Causey,
 
 96-2723, p. 10 (La.App. 4 Cir. 10/21/98), 721 So.2d 78, 84. Indeed, when the appellate record is sufficient, “the interests of judicial economy justify consideration of the issues on appeal.”
 
 State v. Kanost,
 
 99-1822, p. 6 (La.App. 4 Cir.
 
 *724
 
 3/29/00), 759 So.2d 184, 188. Such is the case here.
 

 The standard for assessing an ineffective assistance of counsel claim is well-settled; the two-prong standard enunciated in the seminal case of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), must be applied.
 
 State v. Fuller,
 
 454 So.2d 119 (La.1984);
 
 State v. Brooks,
 
 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337
 
 (on
 
 reh’g);
 
 State v. Robinson,
 
 98-1606, p. 10 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, a defendant must establish both that counsel’s performance was deficient and that the deficiency prejudiced the defendant.
 
 State v. Jackson,
 
 97-2220, p. 8 (La.App. 4 Cir. 5/12/99), 733 So.2d 736, 741. As to the former, the defendant must show that counsel made errors so serious that counsel was not functioning as the “counsel” the Sixth Amendment guarantees.
 
 Strickland,
 
 466 U.S. at 686, 104 S.Ct. 2052;
 
 State v. Ash,
 
 97-2061, p. 9 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, 669. As to the latter, the defendant must show that “counsel’s errors were so serious as to deprive him of a fair trial, i.e., a trial whose result is reliable.”
 
 McGee,
 
 98-1508 at p. 5, 758 So.2d at 342. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel’s deficient performance the result of the proceeding would have been different; “[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.”
 
 Strickland,
 
 466 U.S. at 693, 104 S.Ct. 2052;
 
 State v. Guy,
 
 97-1387, p. 7 (La.App. 4 Cir. 5/19/99), 737 So.2d 231, 236.
 

 An “effective counsel” has been defined as “not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.”
 
 State v. Anderson,
 
 97-2587, p. 7 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, 19 (citing
 
 State v. Seiss,
 
 428 So.2d 444 (La.1983)). Given that “opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel’s |1strial decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.”
 
 State v. Crowell,
 
 99-2238, p. 8 (La.App. 4 Cir. 11/21/00), 773 So.2d 871, 878 (quoting
 
 State v. Brooks,
 
 505 So.2d 714, 724 (La.1987)). It follows then “trial strategy” type errors do not constitute ineffective assistance of counsel.
 
 Crowell,
 
 99-2238, at p. 8, 773 So.2d at 878 (citing
 
 State v. Bienemy,
 
 483 So.2d 1105 (La.App. 4 Cir.1986));
 
 State v. Bordes,
 
 98-0086, p. 8 (La.App. 4 Cir. 6/16/99), 738 So.2d 143, 147 (quoting
 
 Bienemy,
 
 483 So.2d at 1107 (noting that “[tjhis court has previously recognized that if an alleged error falls ‘within the ambit of trial strategy’ it does not ‘establish ineffective assistance of counsel.’ ”))
 

 In this case, Mr. Major contends that his trial counsel was ineffective in three respects: (i) failing to uncover the inconsistencies in the police officers’ testimonies; (ii) failing to object to anything the State said or did, and failing to ask any of the questions that Mr. Major proposed; and (iii) failing to object to the State’s amendment of the bill of information at the motions hearing. The record indicates that defense counsel thoroughly cross-examined Officers Pierce and Joseph and delved into their recollection of facts, the contents of the police report, the basis for the officers stopping Mr. Major, and the facts surrounding the seizure of the gun. A review of the record indicates that Mr. Major’s trial counsel had a thorough command of the facts in this case as evidenced by the direct examination of Ms. Hawuan-da Campbell and his cross-examination of Officers Pierce and Joseph. As for Mr.
 
 *725
 
 Major’s assertions that trial counsel failed to object to anything |1fithe State said or did and failed to ask the questions Mr. Major proposed, Mr. Major does not list any specific instances or references to the record or identify the questions he proposed that were allegedly not asked. Moreover, Mr. Major does not indicate how he was prejudiced by these alleged failures. In order to state an actionable claim of ineffective assistance, the defendant must make a specific showing of prejudice.
 
 State v. McKinsey,
 
 00-0406 (La.App. 4 Cir. 1/17/01), 779 So.2d 993. As noted earlier, the amendment of the bill of information was for clerical purposes only to reflect the correct case number of Mr. Major’s predicate offense. Mr. Major does not indicate how he was prejudiced by his trial counsel’s alleged shortcoming in failing to object to the amendment.
 
 McKinsey, sttpra.
 

 This assignment of error lacks merit.
 

 DECREE
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . From this ruling, Mr. Major filed a
 
 pro se
 
 writ application, which this court denied.
 
 State v. Major,
 
 08-K-0272 (La.App. 4 Cir. 4/10/08)(unpublished)(noting that “he may challenge his conviction and sentence on appeal”).
 

 [2]
 

 . As discussed elsewhere in this opinion, Mr. Major in his
 
 pro se
 
 brief raises the issue of the State’s failure to prove the previous conviction. However, the parties stipulated at trial to the previous conviction. This factor is thus not in dispute.