965 So.2d 226 (2007)
Phu TRAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3933.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
*227 Nellie L. King of The Law Offices of Nellie L. King, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant Phu Tran challenges the order of the trial court imposing medroxyprogesterone acetate (MPA) injections (also known as chemical castration) for a period of five years subsequent to his two consecutive sentences of imprisonment for two separate sexual batteries. The trial court imposed the penalty approximately four months after the sentencing hearing. Because the imposition of the subsequent penalty violates double jeopardy, we reverse.
Tran digitally penetrated two different women while giving them a massage at a nail parlor. He was charged and ultimately convicted of two different sexual batteries. For the first charge, he was sentenced to eight years in prison.
*228 After he was convicted for the second charge, the trial court held a sentencing hearing on May 19, 2005. The trial court orally imposed a sentence of twelve years' imprisonment, to run consecutive to the eight-year prison term imposed in the prior case. Because this was Tran's second conviction for sexual battery, at the sentencing hearing the trial court considered whether to order the administration of MPA to Tran pursuant to section 794.0235, Florida Statutes. MPA is a drug which produces what in lay terms is understood as chemical castration. After much discussion, the court determined that it was obligated to impose MPA injections. However, it specifically did not set a duration and reserved ruling pending an evaluation from a "court-appointed expert" that Tran is a candidate for MPA, as provided in the statute. The written sentence did not include any provision for MPA after release from prison.
Approximately four months later, the court held a hearing at which a psychiatrist testified that Tran was a candidate for MPA injections. The doctor testified that she believed Tran should be given MPA indefinitely. After listening to the testimony, hearing argument, and consulting materials provided both by the state and the defense, the trial court ordered that MPA be administered for five years after Tran's release from prison. From this sentence, Tran appeals.
Although Tran raises multiple challenges to the constitutionality of section 794.0235 and to the procedures used to determine the imposition of MPA in his case, we conclude that the court's order sentencing Tran to a duration of MPA, which sentence was imposed four months after his sentencing hearing at which the court imposed a prison sentence, constitutes a violation of double jeopardy. We thus reverse.
Section 794.0235, Florida Statutes, entitled "Administration of medroxyprogesterone acetate (MPA) to persons convicted of sexual battery," provides in relevant part:
(1) Notwithstanding any other law, the court:
. . . .
(b) Shall sentence a defendant to be treated with medroxyprogesterone acetate (MPA), according to a schedule of administration monitored by the Department of Corrections, if the defendant is convicted of sexual battery as described in s. 794.011 and the defendant has a prior conviction of sexual battery under s. 794.011.
If the court sentences a defendant to be treated with medroxyprogesterone acetate (MPA), the penalty may not be imposed in lieu of, or reduce, any other penalty prescribed under s. 794.011. . . . (2)(a) An order of the court sentencing a defendant to medroxyprogesterone acetate (MPA) treatment under subsection (1), shall be contingent upon a determination by a court appointed medical expert, that the defendant is an appropriate candidate for treatment. Such determination is to be made not later than 60 days from the imposition of sentence. Notwithstanding the statutory maximum periods of incarceration as provided in s. 775.082, an order of the court sentencing a defendant to medroxyprogesterone acetate (MPA) treatment shall specify the duration of treatment for a specific term of years, or in the discretion of the court, up to the life of the defendant.
The state contends that the MPA statute is for treatment purposes and does not constitute punishment for double jeopardy purposes. Second, the state argues that even if the statute is for punishment purposes, as long as MPA treatment is ordered at sentencing, the final determination *229 as to the appropriateness of such treatment could be made thereafter without creating a double jeopardy violation.
We reject the state's contention that the MPA statute is for remedial treatment purposes, as opposed to punishment. The language of the entire statute speaks of MPA in terms of a sentence and a penalty. In the context of civil commitment proceedings for sexually violent predators, the Supreme Court has indicated that "[t]he categorization of a particular proceeding as civil or criminal `is first of all a question of statutory construction.'" Kansas v. Hendricks, 521 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (quoting Allen v. Illinois, 478 U.S. 364, 368, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986)). As a matter of statutory construction, it would appear that a sentence to administration of MPA does constitute punishment. Pursuant to the statutory scheme, the administration of MPA is imposed as part of a criminal sentence. Indeed, section 794.0235 is placed within Florida's criminal code, rather than under Florida's public health code. Compare §§ 394.910-931, Fla. Stat. (2006) (Involuntary Civil Commitment of Sexually Violent Predators). Since the legislature has deemed MPA treatment a penalty, we conclude that it is part of the defendant's punishment and sentence.
The state also contends that the court's oral order at the sentencing hearing that it would impose the administration of MPA prevents the application of double jeopardy to the subsequent determination of the duration of the drug administration. We disagree.
"Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). This rule applies even if the original sentence was illegal or otherwise erroneous and the correction conforms to applicable law or to the court's and parties' intentions at sentencing. Pate v. State, 908 So.2d 613, 614 (Fla. 2d DCA 2005). Moreover, subsequent imposition of new conditions or terms to a sentence or order of probation has been held to violate a defendant's constitutional right against double jeopardy. See Justice v. State, 674 So.2d 123, 125-26 (Fla.1996).
The state attempts to distinguish Ashley on the ground that MPA treatment was orally pronounced at sentencing. Although it is true that at sentencing the trial court ordered the administration of MPA to Tran, the court failed to specify the duration of treatment. This is directly contrary to the statute, which requires that the court's sentencing order "shall specify the duration of treatment for a specific term of years, or in the discretion of the court, up to the life of the defendant." § 794.0235(2)(a), Fla. Stat.; see also Jackson v. State, 907 So.2d 696, 698-99 (Fla. 4th DCA 2005); Houston v. State, 852 So.2d 425, 428 (Fla. 5th DCA 2003). The trial court could not "reserve ruling" on that issue pending the outcome of the psychiatrist's determination of whether Tran was an "appropriate candidate" for treatment. By failing to specify a duration of treatment, the trial court's imposition of MPA treatment at sentencing did not satisfy the mandatory requirements of the MPA statute and was not a valid portion of Tran's sentence. Once Tran began serving his sentence, the trial court's subsequent order of MPA injections for a period of five years violated double jeopardy principles because it amounted to a more onerous punishment.
Although the trial court wanted to hear from the expert regarding Tran being a candidate for receiving MPA, the statute *230 does not require expert evidence as to the duration of MPA. Under the statute the duration appears to be within the trial court's discretion. The duration must be ordered at sentencing, apparently unguided by the presentation of any expert evidence on the appropriateness of MPA for the particular defendant. However, whatever duration is chosen, the sixty-day period for determination that the defendant is an appropriate candidate for MPA coincides with the sixty days in which a trial court has discretion to mitigate a sentence under Florida Rule of Criminal Procedure 3.800(c). Thus, should the court determine either that the defendant is not an appropriate candidate or conclude that the original term ordered is excessive, the court has the opportunity to adjust the sentence during that period.
Because Tran had already begun serving his sentence at the time the trial court ordered Tran to undergo the involuntary administration of MPA, the sentence to MPA violated double jeopardy. We therefore reverse. As a result, we decline to address the other issues raised by Tran, including those challenging the constitutionality of the statute.
KLEIN and HAZOURI, JJ., concur.