MAY, C.J.
 

 The defendant appeals an order denying certain post-conviction relief claims,
 
 [1]
 
 and the sentence entered after the trial court granted his motion in part. He argues the trial court erred in enhancing his sentence as a Prison Releasee Reoffender (PRR)— long after the court pronounced his original sentence without the PRR designation — and in denying his other claims. We reverse the PRR sentence and remand the case to strike the enhancement. We affirm the trial court’s denial of his other claims.
 

 The defendant was convicted of kidnapping, robbery, and trafficking, arising out of an armed robbery of a pharmacy. His primary defense to the charges was that he lacked specific intent to commit the crimes either because he was insane or involuntarily intoxicated due to his addiction to Oxycodone. After having received a report from his expert, defense counsel withdrew the insanity defense, but proceeded on the lack of specific intent defense due to involuntary intoxication.
 

 The jury found the defendant guilty as charged. The trial court sentenced him to life in prison on counts one and two, and to thirty years in prison on count three. The next day the defendant was brought back from the jail. The trial court then added the PRR enhancement to the defendant’s sentence on counts one and two,
 
 nunc -pro tunc
 
 to the prior day. Defense counsel did not object. We affirmed the case on direct appeal.
 

 A year later, the defendant filed his pro se motion for post-conviction relief. The State filed a response, and attached relevant portions of the record, including transcripts of the sentencing hearings. The State agreed that defense counsel had been ineffective in failing to object to the PRR enhancement, but argued that the other claims lacked merit.
 

 The court
 
 [2]
 
 denied the motion based on the State’s response with the exception of
 
 *705
 
 the issue concerning the PRR enhancement. Rather than strike the PRR designation, the court once again re-sentenced the defendant to life imprisonment on counts one and two and designated the defendant as a PRR
 
 nunc pro tunc
 
 to the original sentencing date three years prior.
 

 On appeal, the defendant continues to argue that the PRR classification violates his right against double jeopardy. We agree.
 

 “Jeopardy ‘attaches when a court imposes a sentence, after which the double jeopardy clauses protect the defendant from receiving a punishment greater than the sentence already imposed.’ ”
 
 Ingraham v. State,
 
 842 So.2d 954, 955 (Fla. 4th DCA 2003) (quoting
 
 Joslin v. State,
 
 826 So.2d 324, 326 (Fla. 2d DCA 2002)). ‘“Once a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles.’ ”
 
 Tran v. State,
 
 965 So.2d 226, 229 (Fla. 4th DCA 2007) (quoting
 
 Ashley v. State,
 
 850 So.2d 1265, 1267 (Fla.2003)). “Moreover, subsequent imposition of new conditions or terms to a sentence or order of probation has been held to violate a defendant’s constitutional right against double jeopardy.”
 
 Id.
 

 The court’s imposition of the PRR designation enhanced the defendant’s sentence because it rendered him ineligible for early release. This enhancement ran afoul of the defendant’s protection against double jeopardy.
 
 See Evans v. State,
 
 675 So.2d 1012, 1014-15 (Fla. 4th DCA 1996). We therefore reverse the new sentence and remand the case to the trial court to strike the PRR designation. We find no error, however, in the trial court’s summary denial of the defendant’s other claims.
 

 Affirmed in part and reversed in part. Remanded to the trial court to strike the PRR enhancement.
 

 HAZOURI and CONNER, JJ„ concur.
 

 [1]
 

 . He alleged that his trial counsel was ineffective because he failed to: (1) adequately investigate and present his involuntary intoxication defense; (2) object to the trafficking conviction on the basis of double jeopardy; (3) move for dismissal of the kidnapping charge; and (4) object to the sentencing error. In his second ground, he alleged fundamental error in the court’s denial of his motion for judgment of acquittal on the kidnapping charge.
 

 [2]
 

 . The judge who heard the post-conviction relief motion was not the original trial judge, who also resentenced the defendant.