WILLIAMS, J.
_JjThe defendant, Scott Houston, was charged by bill of information with armed robbery, a violation ■ of LSA-R.S. 14:64, and aggravated second degree battery, a violation of LSA-R.S. 14:34.7. Following a bench trial, the defendant was found guilty as charged. He was then adjudicated as a second felony habitual offender. The trial court sentenced defendant to serve 60 years’ imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence on the conviction of armed robbery, and 10 years’ imprisonment at hard labor on the conviction of aggravated second degree battery, to be served consecutively. The defendant appeals his sentences as excessive. For the following reasons, we affirm the defendant’s convictions and sentences. .
FACTS
The record shows that in March 2013, the defendant and three others robbed the victim, Darien Corona, while armed with a handgun. At trial, Lacorshaline Scott testified that defendant asked her to arrange a meeting with Corona so that defendant could scare him and take his belongings. On the day of the offense, defendant picked up Scott and two others, Anthony Perot and Lavodrique Abney, who was armed with a handgun. The men dropped Scott off at the Wal-Mart store on East Bert Kouns Industrial Loop, where she met Corona. After the two of them walked across Youree Drive to get to an apartment complex, they were approached by defendant, Perot, and Abney, and instructed to get on the ground. Defendant was holding the handgun at that time. The men took Corona’s phone and backpack and told Scott to get up and run. Before fleeing the scene, defendant shot Corona inj^the leg.
After hearing the evidence, the trial court found defendant guilty of armed robbery and aggravated second degree bat *190 tery. Defendant’s motion for post-verdict judgment of acquittal was denied and he was adjudicated as a second felony offender. At sentencing,’ the trial court consid-éred the facts of the case and the sentencing guidelines of LSA-C.Cr.P. art. 894.1. The trial court imposed consecutive sentences of 60 years’ imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence, for the conviction of armed robbery and 10 years’ imprisonment at hard labor for the' conviction of aggravated second degree battery. Defendant’s motion to reconsider sentence was- denied and this appeal followed.
DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues the total sentence of 70 years’ imprisonment is abusively harsh because he was 19 years old at the time of the offense, with only one prior felony conviction for theft of a firearm, and the trial court failed to order a presentence investigation or consider any mitigating factors.
An appellate court utilizes a two-pronged test, in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in Article 894.1. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,856 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more- than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment, are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
The trial court is given wide discretion in the imposition óf sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. A pre-sentence investigation report is an aid to help the court, not a right of defendant, and the court is not required to order a presentence investigation. LSA-C.Cr.P. art. 875; State v. Bell, 377 So.2d 275 (La.1979); State ex rel. B.A.A., 44,494 (La.App.2d Cir.5/20/09), 13 So.3d 1183.
The penalty for conviction of armed robbery is imprisonment “at hard labor for not less than ten years and for not more *191 than ninety-nine years, without benefit of parole, probation, or suspension of sentence.” LSA-R.S. 14:64. A defendant who is convicted of aggravated second degree battery “shall be fined not more than ten thousand dollars or imprisoned, with or without hard labor, for not more than fifteen years, or both.” LSA-R.S. 14:34.7. If the second felony is punishable by imprisonment for any term less than natural life, “then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.” LSA-R.S. 15:529.1. Thus, the sentencing range for defendant’s armed robbery conviction was 49.5 to 198 years’ imprisonment. Defendant was exposed to an additional 15 years at hard labor for the aggravated second degree battery conviction.
In considering the guidelines of Article 894.1, the trial court noted the risk that defendant would commit another crime if released, that defendant was in need of a custodial environment, and that a lesser sentence would deprecate the seriousness of his offenses. The court found that defendant manifested deliberate cruelty to the victim during the offense, that he | ¿knowingly created a risk of great bodily harm to all present at the time of the offense, that he used actual violence toward the victim, that a firearm was used during the commission of the crime, and that defendant orchestrated the crime. The court did not find any mitigating factors to be applicable. We note that there is no requirement that the trial court order a presentence investigation report and that the defense did not object to the absence of such a report at sentencing.
The record demonstrates an adequate factual basis for the sentence imposed. The evidence adduced at trial shows that defendant manifested deliberate cruelty by orchestrating the crime and in shooting the unarmed victim who was lying on the ground. The victim was unable to walk for at least two weeks because of the injury inflicted by defendant. Further, the defendant placed others in grave danger by using a firearm at a residential apartment complex. The defense presented no evidence or argument regarding any mitigating factors, other than defendant’s statement alleging various violations of his constitutional rights.
Based upon this record, the trial court did not abuse its discretion in imposing the 60-year sentence at hard labor for defendant’s conviction as a second-felony habitual offender. The sentence is near the lower end of the sentencing range and is not grossly disproportionate to the seriousness of the offense committed. Further, the 10-year consecutive sentence for aggravated second degree battery does not shock the sense of justice. Thus, we cannot say the sentences imposed are constitutionally excessive. The assignment of error lacks merit.
IfiWe have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.