CRICHTON, J.,
would grant, order briefing, and docket for oral argument.
hThe State contends the court of appeal erred on collateral review in setting aside defendant’s 2011 conviction for a forcible rape he committed in 1994. The court of appeal set aside the conviction because it found trial counsel erred in failing to file a motion .to quash the charge, which , was instituted in accordance with...a statutory limitations period that was. enlarged by legislative.amendment after the time had already run out, citing Stogner v. California, 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003). Indeed, after relator was convicted, this Court found in State ex rel. Nicholson v. State, 13-0072, (La. 5/5/15), 169 So.3d 344:
Although art. 572(B)(1) now provides an exception to the prescriptive period for prosecution of sex offenses in which the offender’s identity is established through DNA testing, and notwithstanding the express’ wording of La.C.Cr.P. art. 572(B)(4), which states that the provision shall apply retroactively, the offenses in question had already prescribed roughly three years before the legislature enacted that provision in 2003. The state has conceded as much in this Court. Consequently, retroactive application of the DNA exception set forth in art. 572(B)(1) to revive the prescribed charges in relator’s case violates the Ex Post Facto Clauses of the federal and state constitutions. See Stogner v. California, 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003).
State ex rel. Nicholson v. State, 13-0072, p. 3, 169 So.3d at 347.
While the law under Nicholson is clear, the facts and procedural posture of this case are quite different, particularly given the repeated, nature of this defendant’s convictions. I would grant the State’s application, order briefing, and docket this matter for a full review.