STATE OF LOUISIANA         *        NO. 2019-KA-0565

VERSUS                    *

                           COURT OF APPEAL

SIMUEL SHAW JR        *

                           FOURTH CIRCUIT

                   *

                           STATE OF LOUISIANA

                * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 456-623, SECTION "A"
Honorable Laurie A. White, Judge
* * * * * *
**JAMES F. MCKAY III**
**CHIEF JUDGE**
* * * * * *

(Court composed of Chief Judge James F. McKay III, Judge Terri F. Love, Judge Dale N. Atkins)

LEON CANNIZZARO, JR.
DISTRICT ATTORNEY, ORLEANS PARISH
DONNA R. ANDRIEU
ASSISTANT DISTRICT ATTORNEY
CHIEF OF APPEALS
KYLE C. DALY
ASSISTANT DISTRICT ATTORNEY
619 S. White Street
New Orleans, Louisiana 70119
COUNSEL FOR STATE/APPELLANT

Holli Herrle-Castillo
LOUISIANA APPELLATE PROJECT
P. O. Box 2333
Marrero, Louisiana 70073
     COUNSEL FOR DEFENDANT/APPELLEE

                                 **AFFIRMED**

                          **DECEMBER 11, 2019**

**STATEMENT OF CASE/ STATEMENT OF FACT[1]**

On February 24, 2005, the defendant, Simuel Shaw, Jr., was charged by grand jury indictment with three counts of aggravated rape, all violations of La. R.S. 14:42. On February 28, 2005, the defendant pleaded not guilty and not guilty by reason of insanity. On January 16, 2007, the defendant withdrew his plea of not guilty and not guilty by reason of insanity and entered a plea of not guilty. On that same date the State *nolle prosequied* count three of the indictment. Following trial by a twelve-person jury on January 16-18, 2007, the defendant was found guilty as charged of both counts of aggravated rape. On March 8, 2007, the defendant was sentenced on both counts of the aggravated rape to life imprisonment at hard labor, without benefit of parole or probation, the sentences to run concurrently.

On appeal, this Court affirmed the conviction and sentence with respect to count two of the charges for aggravated rape, but set aside the conviction on count one, entering a responsive verdict of attempted aggravated rape in violation of La. R.S. 14:(27)42. Thereafter, this Court remanded the matter to the trial court for the

---

[1] This appeal arises from a September 11, 2018 resentencing. The record associated with the resentencing is scant and much of the case history has been ascertained from a review of this Court's opinion in connection with defendant's trial on two charges of aggravated rape. *See State v. Shaw*, 2007-1427 (La. App. 4 Cir. 6/18/08), 987 So.2d 398.

1

imposition of sentence on the conviction of attempted aggravated rape. *State v. Shaw*, 2007-1427 (La. App. 4 Cir. 6/18/08), 987 So.2d 398.[2]

On June 14, 2012, this Court, in response to a *pro se* writ application, ordered the district court to impose a sentence on count one within sixty days of the order. *State v. Shaw*, 2012-0798 (La. App. 4 Cir. 6/14/12) (unpublished decision). Thereafter, on July 5, 2018, the defendant filed a motion to compel resentencing and motion to set a hearing.

On August 15, 2018, the district court sentenced the defendant to fiftyyears at hard labor at the Department of Corrections without benefit of parole, probation, or suspension of sentence to be served concurrently with all counts and credit for time served from the original date of arrest. Thereafter, the defendant filed a motion for appeal and motion for reconsideration of the sentence. On September 13, 2018, the court granted the motion for appeal and denied the motion for reconsideration.

**ERRORS PATENT**

A review of the record reveals no patent errors.

**DISCUSSION**

**COUNSELED ASSIGNMENT OF ERROR**

The defendant complains that the sentencing judge, who was not the judge who presided over the defendant's original trial, imposed the maximum sentence "without knowing the facts of the case, the basis of the conviction, or the background or history of [defendant]". Thus, the trial court failed to comply with the provisions of La. C.Cr.P. art. 894.1. According to the defendant, he is not "the

---

[2] The defendant sought a supervisory writ with the Louisiana Supreme Court which was denied. *See State ex rel. Shaw v. State*, 2008-1957 (La. 5/15/09), 8 So.3d 574.

worst offender" as his counsel noted during sentencing because he had no prior convictions before he was found guilty of aggravated rape and, ultimately, attempted aggravated rape. The defendant concludes that the maximum fifty-year sentence must be vacated because the court provided no reasons for imposing the maximum sentence and the record was absent of aggravating factors.

As this Court noted in *State v. Vargas-Alcerreca*, 2012-1070, pp. 24- 25 (La. App. 4 Cir. 10/2/13), 126 So.3d 569, 583-584:

> La. Const. art. I, § 20 explicitly prohibits excessive sentences. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. *State v. Every*, 2009-0721, p. 7 (La. App. 4 Cir. 3/24/10), 35 So.3d 410, 417. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. *State v. Cassimere*, 2009-1075, p. 5 (La. App. 4 Cir. 3/17/10), 34 So.3d 954, 958. A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. *State v. Ambeau*, 2008-1191, p. 9 (La. App. 4 Cir. 2/11/09), 6 So.3d 215, 221. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justiceIn reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La. C.Cr.P. art. 894.1 and whether the sentence is warranted under the facts established by the record. *State v. Wiltz*, 2008-1441, p. 10 (La. App. 4 Cir. 12/16/09) 28 So.3d 554, 561. If adequate compliance with La. C.Cr.P. art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious offenders. *State v. Bell*, 2009-0588, p. 4 (La. App. 4 Cir. 10/14/09), 23 So.3d 981, 984.
>
> However, even where there has not been full compliance with La. C.Cr.P. art. 894.1, resentencing is unnecessary where the record shows an adequate factual basis for the sentence imposed. *State v. Stukes*, 2008-1217, p. 25 (La. App. 4 Cir. 9/9/09), 19 So.3d 1233, 1250, citing *State v. Major*, 96-1214, p. 10 (La. App. 4 Cir. 3/4/98), 708 So.2d 813, 819. Further, La. C.Cr.P. art. 881.4(D) expressly states that an "appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed."

The evidence in this case, as set forth in this Court's opinion, *State v. Shaw*, 2007-1427 (La. App. 4 Cir. 6/18/08), 987 So.2d 398, 403-404, clearly reflects that the maximum sentence was warranted. Not only did the defendant rape his daughter but also, when she screamed because of the pain associated with the penetration, he told her to shut up and stuck a sock in her mouth. Additionally, he attempted to rape her not simply once, but on two different occasions. On one such occasion, the defendant pried his daughter's legs apart in an attempt to enter her. On another, he attempted to push her down and get on top of her. Despite her protests, the defendant "pulled her shorts and drawers over" as he attempted to put his penis inside of her. A fifty-year sentence does not shock the sense of justice.

La. R.S. 14:42(C) provides that whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

La. R.S. 14:27(D) provides the penalties for an attempt provides that whoever attempts to commit any crime shall be punished as follows:

> 1. If the offense so alleged is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence.

This Court, along with Second Circuit, has concluded that a fifty-year sentence for attempted aggravated rape is not excessive. *See State v. Nicholson*, 2011-0883 (La. App. 4 Cir. 12/5/12), 2012 WL 6619019, *vacated in part on other grounds*, *State ex rel. Nicholson v. State*, 2013-0072 (La. 5/5/15), 169 So.3d 344; *see also State v. Murphy*, 34,624 (La. App. 2 Cir. 4/6/01), 785 So.2d 197. Further, the imposed fifty-year sentence does not add to the defendant's incarceration time

4

as it runs concurrently with the mandatory life sentence he is serving in connection with his aggravated rape conviction. To the extent that the defendant has a life sentence that he is already serving, the imposition of a concurrent term of years does punish him excessively. We find no merit to this assignment of error.

**PRO SE ASSIGNMENT OF ERROR NUMBER ONE**

The defendant complains that counsel was ineffective for failing to move for a presentence investigation report and/or object when the court did not state reasons for imposing the maximum fifty-year sentence.

In *State v. Paulson*, 2015-0454, p. 9 (La. App. 4 Cir. 9/30/15), 177 So.3d 360, 367, this Court recognized the well-settled rule that "[g]enerally, ineffective-assistance-of-counsel claims are more properly raised in an application for post-conviction relief where the district court can conduct a full evidentiary hearing on the matter, if one is warranted." In this case, however, because the defendant's ineffective assistance claim concerns his sentencing, he will lack recourse in post-conviction proceedings. *See State v. Thomas*, 08–2912, (La. 10/16/09), 19 So.3d 466 (claims of "ineffective assistance of counsel at sentencing are not cognizable on collateral review pursuant to La.C.Cr.P. art. 930.3 and *State ex rel. Melinie v. State*, 93-1380 (La.1/12/96), 665 So.2d 1172."); *see also State v. Cotton*, 09-2397 45 So.3d 1030-1031, ("A fortiori, respondent's claim that he received ineffective assistance of counsel at his habitual offender adjudication is not cognizable on collateral review so long as the sentence imposed by the court falls within the range of the sentencing statutes. *Cf.* La.C.Cr.P. art. 882").

As a substantive matter, this Court in *State v. Reichard*, 2005-1262, pp. 4-5 (La. App. 4 Cir. 6/21/06), 935 So.2d 727, 730-731, set forth the law to be applied in addressing an ineffectiveness claim:

5

The standard for assessing an ineffective assistance of counsel claim is well-settled; the two-prong standard enunciated in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), must be applied. *State v. Fuller*, 454 So.2d 119 (La. 1984); *State v. Brooks*, 94-2438, p. 6 (La.10/16/95), 661 So.2d 1333, 1337 (*on reh'g*); *State v. Robinson*, 98-1606, p. 10 (La. App. 4 Cir. 8/11/99), 744 So.2d 119, 126. In order to prevail, a defendant must establish both that counsel's performance was deficient and that the deficiency prejudiced the defendant. *State v. Jackson*, 97-2220, p. 8 (La. App. 4 Cir. 5/12/99), 733 So.2d 736, 741. As to the former, the defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" the Sixth Amendment guarantees. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064; *State v. Ash*, 97-2061, p. 9 (La. App. 4 Cir. 2/10/99), 729 So.2d 664, 669. As to the latter, the defendant must show that "counsel's errors were so serious as to deprive him of a fair [proceeding] …. *McGee*, 98-1508 at p. 5, 758 So.2d at 342. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance the result of the proceeding would have been different; "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2068; *State v. Guy*, 97-1387, p. 7 (La. App. 4 Cir. 5/19/99), 737 So.2d 231, 236.

As discussed above, there was an adequate factual basis to support the imposition of the maximum sentence. Not only did the defendant rape his minor daughter but also, when she screamed because of the pain associated with the penetration, he told her to shut up and stuck a sock in her mouth. Additionally, he attempted to rape her not once, but on two different occasions. On one such occasion, the defendant pried his daughter's legs apart in an attempt to enter her. On another, he attempted to push her down and get on top of her. Despite her protests, the defendant "pulled her shorts and drawers over" as he attempted to put his penis inside of her. Moreover (and perhaps more importantly), the fifty-year sentence was ordered to run concurrent to the mandatory life sentence imposed and affirmed for aggravated rape.

In these circumstances, defendant does not demonstrate that counsel erred by failing to request a presentence investigation report and/or more strenuously

objecting to the sentence imposed. Because the defendant is serving a concurrent life term, he almost certainly cannot show that counsel's (allegedly) deficient performance rendered the sentencing proceeding unfair as he must to satisfy the prejudice prong of *Strickland*. This claim lacks merit.

**PRO SE ASSIGNMENT OF ERROR NUMBER TWO**

In his second pro se assignment of error, the defendant raises the same claims set forth in his first assignment of error except this time they are not couched in terms of ineffective assistance of counsel. In his second alleged error, the defendant complains he was denied due process because the district court, in defiance of La. C.Cr.P. art. 894.1, did not state reasons for the imposed sentence. Again, however, the district court's failure in this regard is not fatal to the sentencing because an adequate factual basis existed to support the sentence.

The defendant also, once again, complains that the court did not order and consider a presentence investigation report. However, the defendant had no right to have a presentence investigation report ordered as it "is an aid to the court and not a right of the accused." *State v. Bell*, 377 So.2d 275, 281 (La. 1979); *State v. Houston*, 50,126, p. 4 (La. App. 2 Cir. 11/18/15), 181 So.3d 188, 190. Thus, the defendant's second assignment of error is without merit.

**PRO SE ASSIGNMENT OF ERROR NUMBER THREE**

In his third assignment of error, the defendant complains that he was denied a "complete copy of the record" which includes a "complete transcript of the criminal proceedings at trial." The defendant contends that he needs this complete transcript not to challenge his fifty-year sentence, which is the only matter at issue in the instant appeal, but rather, to show "that his trial was fundamentally unfair, and that the verdict returned in this case is unreliable and unworthy of confidence."

7

The Louisiana Supreme Court set forth the law concerning the review of an incomplete record in *State v. Boatner*, 2003-0485, pp. 4-5 (La. 12/3/03), 861 So.2d 149, 153 as follows:

> Although this court has found reversible error when material portions of the trial record were unavailable or incomplete, a "slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal" does not require reversal of a conviction. *State v. Brumfield*, 96-2667, pp. 14-16 (La.10/28/98), 737 So.2d 660, 669, cert. denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999); *State v. Parker*, 361 So.2d 226, 227 (La.1978). A defendant is not entitled to relief because of an incomplete record absent a showing of prejudice based on the missing portions . . . .

In this case, the defendant makes no showing of prejudice as he fails to specify what portions of the record are missing and why he needs those portions. Specifically, the defendant admits that he has received a "small portion of the overall record in this matter," but provides no insight as to why the portion he has received is inadequate. The defendant's claim that he desires the record in order to perform "a review for errors patent," an inquiry automatically conducted by this Court, clearly is insufficient to show the requisite prejudice. Accordingly, the defendant's third assignment of error is without merit.

**CONCLUSION**

Based on the above and foregoing, we affirm the defendant's sentence.

**AFFIRMED**